316 So.2d 322 (1975)
Pamela KING, Appellant,
v.
Jeffrey V. KING, Appellee.
No. 74-459.
District Court of Appeal of Florida, Fourth District.
July 11, 1975.
Rehearing Denied August 15, 1975.
William F. Hunter, Jr., Hollywood, for appellant.
No appearance for appellee.
PER CURIAM.
Upon a review of the record on appeal and after consideration of the brief and oral argument of appellant's counsel, appellee having failed to file a brief and present oral argument, it is our opinion that the circumstances of the parties as disclosed in the record did not furnish a proper basis for the award of rehabilitative alimony. While the record does reflect the wife is relatively young and the marriage was of short duration, the record also reflects the award of custody to the wife of two minor children, ages three and six years, and the wife's lack of any particular skills or training. As pointed out in Lash v. Lash, Fla.App. 1975, 307 So.2d 241, it is *323 still the law that where the wife demonstrates the need and the husband the ability to pay, he is obligated to support her at a standard reasonably commensurate with that established by him during their marriage. Cf. Herbert v. Herbert, Fla.App. 1974, 304 So.2d 465. Taking into consideration all of these factors including the express desire of the wife to remain at home with the children during their formative years and the need of such children of the care and attention of a mother, and award of rehabilitative alimony of $25.00 a week for one year was inappropriate. Schwartz v. Schwartz, Fla.App. 1974, 297 So.2d 117.
Accordingly, that portion of the final judgment providing for "rehabilitative" alimony for one year is reversed and in lieu thereof permanent alimony is awarded in the amount presently provided for.[1] In addition that portion of the final judgment requiring mortgage payments by the wife on the marital domicile is vacated and set aside with directions that the marital domicile mortgage payments be paid by the husband. In all other respects the final judgment is affirmed and the case remanded to the trial court for further action consistent herewith.
Affirmed, in part; reversed, in part.
WALDEN and MAGER, JJ., concur.
CROSS, J., dissents without opinion.
NOTES
[1] Nothing herein is intended to preclude the husband from relieving himself of his obligation should a change in circumstances occur in the wife's ability to support herself.