347 So.2d 675 (1977)
Jeanne BOWEN, Appellant,
v.
Alfred BOWEN, Appellee.
No. 76-15.
District Court of Appeal of Florida, Third District.
June 7, 1977.
Rehearing Denied July 27, 1977.
*676 Sinclair, Louis, Siegel & Heath and John L. Zavertnik, Miami, for appellant.
Bridges & Dorsy, Coral Gables, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PEARSON, Judge.
The appellant wife has brought this appeal from a Final Judgment Dissolving Marriage and has presented six points on appeal. The burden of all of these points is that the evidence does not support the award to the wife of only rehabilitative alimony for two years and a one-half interest in the marital residence with the burden of the mortgage payments and all the taxes and maintenance. See Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974); Lash v. Lash, 307 So.2d 241 (Fla. 2d DCA 1975); Blass v. Blass, 316 So.2d 308 (Fla. 3d DCA 1975), and King v. King, 316 So.2d 322 (Fla. 4th DCA 1975).
In the final judgment dissolving the marriage, the trial judge gave custody of the two minor sons, ages 13 and 14, to the wife with the husband to pay child support of $300 per month per child. For a twenty-four month period, the husband is to pay to the wife, as rehabilitative alimony, the sum of $900 per month. Thereafter, all obligations to pay alimony shall terminate unless a subsequent change in circumstances requires additional support for the wife. The wife is awarded the exclusive occupancy and possession of the marital home until the first of any of the following occurs: (a) the minor children attain the age of majority; (b) there is any permanent change of custody of the minor children; (c) the wife abandons the premises; or (d) the wife remarries. Also, the wife is awarded a special equity of $20,000 by way of the husband's note to the wife's father being cancelled. In this regard, if the $20,000 note is not cancelled, the wife shall be responsible for $10,000 and the husband responsible for $10,000 and each party shall be responsible for his or her half of the interest and attorney's fees. Additionally, the judgment makes the wife responsible for the repair and maintenance of the marital home, and if and when the home is sold, the wife is to recover credit for one-half of the principal payment made on the first mortgage. As well, the husband shall receive credit for one-half of the principal payment on the mortgage made by him from November, 1974, to the date of the judgment. Further, the wife is to be paid her interest in her *677 former husband's professional association retirement plan and is to have transferred to her all right, title and interest in a 1973 Oldsmobile presently in her possession, both to be carried out within thirty days of the date of the judgment. In return, the wife is to transfer all right, title and interest in a truck-camper presently in the husband's possession within thirty days of the judgment. With the exception of certain personalty, the wife is to have all right, title and interest in the furnishings, appliances and other personalty presently contained in the marital domicile. Finally, the husband is directed to maintain the existing life insurance policies on his life in full force and effect with his children as beneficiaries thereof, and may not borrow against these policies without the written permission of the court.
The evidence viewed in the light most favorable to the trial court's judgment is as follows: The appellant wife and appellee husband were married in July of 1960 and separated in October of 1974. At the time of their marriage, the wife was a registered nurse employed as an instructor in the School of Nursing at Jackson Memorial Hospital earning between $500 and $600 per month. The husband had just graduated from medical school and had entered into his internship at the University of Miami. Since he was earning less than $100 per month, the wife continued working. The couple lived in a fully furnished home that was owned by the wife prior to the marriage. The wife continued working until a few weeks before the birth of her first child in late 1961. The second child of the marriage was born approximately one year later. At this time, it was mutually decided that the wife should remain a full time mother, rather than return to work. Following the completion of the husband's internship and four years of specialty residency in otolaryngology at Jackson Memorial Hospital, the husband enlisted in the Air Force in 1965.
In 1967, upon the completion of his military obligation, Dr. Bowen decided to go into private practice in Miami. His wife and children preceded him in returning to Miami, and thereafter, he opened his office, with Mrs. Bowen assisting him as a nurse and taking care of all the bookkeeping and paper work for him in order to help him establish his practice. From 1967 to 1971, she was not paid for the work she did. In 1971, Dr. Bowen's practice was incorporated, and Mrs. Bowen continued working on a part-time basis until the time of the dissolution of marriage proceedings.
After Dr. Bowen established his medical practice, the family enjoyed a high standard of living. The family purchased a home, the funds being derived from the sale of Mrs. Bowen's home and $20,000 from her father. The two sons attend a private academy located only five minutes from the family home. The tuition for the children is approximately $4,500 per year.
From 1971, until the time of the separation, Mrs. Bowen received $600 per month from her husband's incorporated medical practice. During this period, Dr. Bowen received a salary from the incorporated medical practice of $2,000 per month plus various valuable benefits and expenses. The parties' joint income tax return for 1974 was just over $49,000, of which Dr. Bowen, on an individual basis, received over $40,000. Since the separation of the couple, Dr. Bowen has increased his take-home pay from the association from $2,000 to $2,500 monthly. He has rented a two-bedroom apartment in Coral Gables and has maintained a 1976 Mark IV Lincoln Continental on a rental basis.
With regard to the marital home of the parties, it was purchased in 1969 for $89,300 and is burdened by a mortgage in the approximate amount of $58,000. The monthly payments are $635, which includes principal, interest, taxes and insurance. In addition, the equity in the home is burdened by a charge for the $20,000 advanced by the wife's father. While the husband testified that the $20,000 was a gift, the record shows that a note was given by Dr. Bowen for the $20,000 and that the father has been paid $85 per month interest, which the father has reported and Dr. Bowen has deducted for federal income tax purposes.
*678 The Supreme Court of Florida has recently set forth the test to be applied in the review of the settlement of property matters in dissolution of marriage cases. In Shaw v. Shaw, 334 So.2d 13 (Fla. 1976), the court stated that the test is whether the judgment of the trial court is supported by competent evidence. In Herzog v. Herzog, 346 So.2d 56 (Fla. 1977), the court restated the test in Shaw and concluded that generally, in appellate proceedings, the trial court's findings of fact are shielded from attack and are clothed with a presumption of validity. In the instant case, the judgment does not contain findings of fact; nevertheless, we conclude that findings of fact were necessarily made by the trial judge upon which to base his determinations on the questions of alimony and the disposition of the jointly held residence.
We hold that under no reasonable view of the record can it be said that there is competent evidence to support the judgment of the trial court that the wife is not entitled to permanent alimony, nor is there competent evidence to support the failure to award her a special equity in the marital residence to compensate her for her contribution to the joint assets of the parties. Cf. McAllister v. McAllister, 345 So.2d 352 (Fla. 4th DCA 1977); Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974), and Ruhnau v. Ruhnau, 299 So.2d 61, 65 (Fla. 1st DCA 1974).
Thereupon, the judgment will be affirmed in part, reversed in part and remanded with directions to enter an amended judgment. The award of alimony in the amount of $900 per month shall be designated as permanent alimony until and unless a subsequent order is entered based upon a change in circumstances pursuant to Section 61.14, Florida Statutes (1975). The wife shall be awarded the husband's equity in the marital residence as a special equity to compensate her for her contribution to the joint assets of the parties. As a consequence of the award of the marital residence to the wife, paragraph number "6" including subparagraphs (a) through (f) shall be eliminated from the judgment. The husband's $20,000 note to the wife's father is declared a charge upon the wife's equity in the marital residence and in the event of a sale of the property, it shall be paid from the proceeds of the sale. In addition, the husband shall be allowed a credit upon alimony payments for any interest paid upon the note after the date of the amended judgment.
Affirmed in part, reversed in part and remanded.