381 So.2d 731 (1980)
Robert CUEVAS, Appellant,
v.
Mary Ellen CUEVAS, Appellee.
No. 79-771.
District Court of Appeal of Florida, Third District.
March 25, 1980.
Byrd V. Duke, Jr., North Miami, for appellant.
Alfonso C. Sepe and Alan R. Soven, Miami, for appellee.
*732 Before HAVERFIELD, C.J., and SCHWARTZ and NESBITT, JJ.
NESBITT, Judge.
The husband appeals a final judgment of dissolution which awarded the wife: (1) $100 per week as permanent alimony; (2) fee simple title to a home in Highlands County, owned by the parties as tenants by the entirety, and real estate in the State of Georgia, titled solely in the name of the husband; additionally, the court expressly reserved jurisdiction for the purpose of determining and awarding attorney's fees to the wife's counsel. The husband contends here that the record does not demonstrate the wife's need for permanent periodic alimony nor attorney's fees and further the court abused its discretion in making an equitable distribution of property acquired during the marriage. We disagree and affirm.
The parties were married in 1962. There were no children born of the marriage but the wife, at the insistence of the husband, became a homemaker to rear her two children by a previous marriage. The parties resided in a home, located in Dade County, which had been purchased by the husband prior to the marriage, which was not affected by the final judgment. In 1975, the parties separated but later effectuated a reconciliation which failed in 1976. Thereafter, in 1978, the husband filed a petition for dissolution which was met by the wife's counter-petition for dissolution.
The wife was employed in 1977, after the separation, as a barmaid and admitted earnings of $3,200 plus tips. Her earning capacity is limited due to a lack of skills and her present physical condition which prevents her from standing on her feet for long intervals. She has spent most of her years as a homemaker and is now in her fifties. She has no separate property, assets or savings. Her expenses for the bare necessities, food and lodging, exceed $200 per month. Since the time of the separation, she has lived without any assistance from her husband on her meager earnings and with some assistance from her daughter. Her husband is a co-owner of a cabinet manufacturing company which has a gross aggregate value of approximately $300,000, from which he realizes a net take-home salary of $290 per week. In the two years prior to final hearing, he received an additional bonus of $1,200 per annum.
Considering the needs of the wife, the financial ability of the husband and other relative circumstances, we find no error in the award of $100 per week permanent alimony to the wife. McDonald v. McDonald, 368 So.2d 1283 (Fla. 1979); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
That part of the judgment which awarded the husband's joint interest in the Highlands County home and his sole interest in the Georgia real property to his wife does not disclose the theory upon which it was made. It is fairly inferable from the record, however, that the trial judge awarded the husband's interest as lump sum alimony to ensure an equitable distribution of property acquired during the marriage. This was proper in that the wife had no separate property, assets or savings of her own and the husband had the ability to make such a conveyance without substantially endangering his economic status. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
The reservation of jurisdiction to determine and award counsel fees to the wife was within the trial court's discretion because the wife did not have complete ability to pay her attorney. Cummings v. Cummings, 330 So.2d 134 (Fla. 1976) and Canakaris v. Canakaris, supra.
Affirmed.