389 So.2d 1187 (1980)
Winnifred A. COWAN, Appellant,
v.
Alvin E. COWAN, Appellee.
No. 79-961/T4-526.
District Court of Appeal of Florida, Fifth District.
October 1, 1980.
Rehearing Denied November 7, 1980.
Howard S. Reiss, Orlando, and Edna L. Caruso, West Palm Beach, for appellant.
D. Arthur Yergey, Orlando, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant-wife, Winnifred A. Cowan, appeals from a final judgment of dissolution of her marriage to appellee-husband, Alvin Cowan.
A. Appellant first contends that the court erred in not awarding husband's interest *1188 in the marital home to her as lump sum alimony or as a special equity. We agree.
After approximately thirty-seven years of marriage, husband petitioned for dissolution of the marriage. The court awarded appellant $270.00 per week permanent periodic alimony and also her attorney's fees. There was also a division of personal property which is not questioned.
At the time of the dissolution, husband was sixty years old and wife was fifty-eight. Appellee retired in 1971 as a brigadier general in the Army and has a doctorate in physics and mathematics. Appellant holds a Bachelor of Arts degree in business administration acquired in the early 1940s but she has not worked since 1944. Husband has a gross annual income of $71,340.00; $2,695.20 per month military retirement and $3,250.00 per month from his present employment.
The distinction between a "special equity" in property and property awarded as "lump sum" alimony was recently reviewed extensively in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The court stated that the term "special equity" was created to describe a vested interest in property brought into the marriage or acquired during the marriage because of the contribution of services or funds over and above normal marital duties. While wife had contributed approximately $40,000.00 over the term of the marriage from sources outside of the marital relationship, most was commingled in a joint account and was used for living expenses. In granting lump sum alimony, the trial court should be guided by all relevant circumstances to ensure "equity and justice between the parties." § 61.08, Fla. Stat. (1979); Canakaris.
A comparison of the relative financial circumstances of the parties reflects that after the judgment appellant was left with one-half of the house (now sold and the proceeds held in escrow pending outcome of this appeal), an automobile and $1,170.00 per month alimony. If husband should die, appellant's alimony would die with him and the only income she could expect would be an entitlement to social security.
On the other hand, after the judgment husband has one-half of the house, a car, an airplane and $4,775.20 per month income ($2,695.20 military retirement and $3,250.00 salary less $1,170.00 alimony). If appellant should die, his income is increased because the alimony obligation terminates. While the record does not reflect what the present value of an annuity would be equivalent to husband's military retirement his entitlement is a substantial asset. See Bradley v. Bradley, 385 So.2d 101 (Fla. 5th DCA 1980).
During the marriage, wife had devoted all of her time and efforts to maintaining the home and raising their children. She dutifully relocated their home as her husband's military career demanded. While the parties lived within their income, no attempt was made to accumulate savings or to acquire investments. When wife expressed concern over their lack of savings, husband advised that they would be taken care of by the Army. The record reflects that appellant will lose, because of the dissolution, all right to survivor's benefits which, if married to General Cowan at his death, would amount to $1,482.00 per month.
It is not foreseeable that Mrs. Cowan will be able to make any substantial contribution to her own support. Her business degree has little value in the market place. She has had to have abdominal surgery and anticipates further surgery.
The judgment appealed stops somewhat short of "equity and justice" between the parties. Canakaris. "A lump sum allowance of permanent alimony is not `fit, equitable and just' unless the husband is in a position to make payment of the sum so granted over and above the requirements attendant upon the maintenance of his business or employment... ." Yandell v. Yandell, 39 So.2d 554 (Fla. 1949), cited in Canakaris at 1201. Here, General Cowan's business or employment will not be affected to any extent by an award of his equity in the house to his wife. There are no other *1189 funds or assets from which a lump sum award could be made. Therefore, we conclude that the trial judge abused his discretion in failing to award to wife husband's equity in the marital home.
B. The second question raised by wife is whether the trial court erred in awarding wife $270.00 per week alimony.
The primary elements to be considered are the needs of one spouse for funds and the ability of the other spouse to provide them. Canakaris. Criteria to establish need include the parties' earning ability, age, health, education, duration of the marriage, the standard of living enjoyed during its course and the value of the parties' estates. Id. A spouse's ability to pay may be determined not only from net income, but also from net worth, past earnings and the value of the parties' capital assets. Firestone v. Firestone, 263 So.2d 223 (Fla. 1972). While the question of how much permanent alimony to award rests within the broad discretionary authority of the trial judge, his determination is subject to reversal where an incorrect legal rule is applied. Canakaris.
The disparity between appellant's income and appellee's is acute, especially when the standard of living established during the marriage is considered. See Hawkesworth v. Hawkesworth, 345 So.2d 359 (Fla.3d DCA 1977). While this court should not substitute its judgment for that of the trial court, Shaw v. Shaw, 334 So.2d 13 (Fla. 1976), it is necessary to determine if an incorrect rule or standard has been applied. Apparently the trial court did not adequately consider the earning ability of the parties. Wife must subsist on $270.00 per week. On the other hand, husband has approximately $1,100.00 per week (after payment of alimony). While wife will undoubtedly be able to increase her income by prudent investment of the lump sum award of husband's equity in the home, there remains a considerable difference. As stated in Canakaris:
We recognize that a trial court need not equalize the financial position of the parties. However, a trial judge must ensure that neither spouse passes automatically from prosperity to misfortune, and in viewing the totality of the circumstances, one spouse should not be `short-changed.'
Id. at 1204. We must therefore remand this cause to the trial court for reconsideration of the permanent alimony award to determine wife's future earning prospects, the advisability of some rehabilitative award to enable wife to become gainfully employed and the income which wife can reasonably expect to generate from the lump sum award thereby reducing the disparity between the positions of husband and wife.
As to the other points raised on appeal, we find no error and affirm. We reverse the trial court's denial of lump sum alimony in the husband's equity in the marital home and remand for reconsideration by the court the question of other alimony.
AFFIRMED in part, REVERSED and REMANDED in part.
SCHWARTZ, ALAN R., Associate Judge, concurs.
COBB, J., concurring in part, dissenting in part with opinion.
COBB, Judge, concurring in part, dissenting in part.
I concur with the majority opinion in regard to an award to the appellant of the entire proceeds of the escrow fund from the sale of the joint home as lump sum alimony. I dissent in regard to the reversal of the periodic alimony award. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Firestone v. Firestone, 263 So.2d 223 (Fla. 1972).