412 So.2d 900 (1982)
Kristina KUVIN, Appellant,
v.
Lawrence P. KUVIN, Appellee.
No. 81-1461.
District Court of Appeal of Florida, Third District.
March 30, 1982.
Rehearing Denied May 6, 1982.
Daniels & Hicks and Sam Daniels, Miami, for appellant.
Horton, Perse & Ginsberg and Edward A. Perse, Magill, Reid, Kuvin & Lewis, Miami, for appellee.
Before BASKIN, DANIEL S. PEARSON and JORGENSON, JJ.
BASKIN, Judge.
Kristina Kuvin challenges two provisions contained in the Final Judgment of Dissolution of Marriage. First, she claims the court should have awarded her permanent rather than rehabilitative alimony. Next, she maintains the court erred in requiring the marital home to be sold; if the sale is affirmed, however, she contends child support payments should be increased to enable her to secure suitable shelter. We hold the trial court erred and reverse.
*901 The parties were married in 1968 and have two children, who were eleven and four years old at the time of trial. The husband is a 47-year-old attorney, who earns $78,000 a year and receives additional sums for travel and car expenses. His net income is approximately $49,500. The wife, 36 years of age, worked part-time as a legal secretary during a year and a half of the marriage. After the birth of their second child, she did not work outside the home. Mr. Kuvin approved this decision. The evidence discloses that during their marriage the parties' standard of living was based upon their ability to spend approximately $40,000 a year.
The parties own a home valued at approximately $213,000, which is encumbered with a $35,000 mortgage, and five acres in Colorado worth approximately $35,000, also mortgaged. In addition, Mrs. Kuvin brought to the marriage approximately $14,000 and an income of $200 a month derived from property owned by her family.
The Final Judgment of Dissolution of Marriage requires the husband to pay $950 a month for child support and $1,000 a month for a period of three years as rehabilitative alimony. It also requires sale of the marital home and division of the proceeds between the parties, with the wife receiving $20,000 from the husband's share as lump-sum alimony. In addition, the Colorado property is to be sold and the proceeds divided.
Although Mr. Kuvin presented testimony establishing that Mrs. Kuvin is able to earn $250 a week as a legal secretary, Mrs. Kuvin testified that she wishes to remain at home to care for her children.
The issue presented in this appeal is whether the wife may choose to remain at home as a full-time mother or must "rehabilitate herself" by working outside the home. In reaching our decision, we note that in order to work outside the home Mrs. Kuvin will be forced to spend a portion of her earnings for child care. We are also aware that Mr. Kuvin is financially able to support his former wife if she remains at home with their children. In McNaughton v. McNaughton, 332 So.2d 673, 675 (Fla.3d DCA 1976), cert. denied, 345 So.2d 424 (Fla. 1977), the court addressed the same issue. Judge Tillman Pearson, speaking for the court, wrote:
We hold that the trial judge erred in determining that the facts of this case called for rehabilitative alimony. See Reback v. Reback, Fla.App. 1974, 296 So.2d 541; and Schwartz v. Schwartz, Fla.App. 1974, 297 So.2d 117. This 43 year old mother has no income or training. She ought not be required to leave the home and the children in order to gain the means of support when the husband is well able to support his wife and children during the minority of the children. The wife will be 54 years old when the youngest child reaches 18. For the court to determine at this time that the wife can enter the labor market and support herself at that time is a prediction that need not be made at this time because the court may adjust alimony to changed conditions upon a proper petition. During the marriage, the husband maintained a good home and approved of the role of the wife. There is no reason that the dissolution should disrupt the home for the children so long as the husband is well able to maintain them in that home.
The rationale of the McNaughton decision derived from the husband's ability to support his wife and minor children. We believe the same reasoning applies to the case before us. Mr. Kuvin maintained the home and approved his wife's role as wife and mother. We see no reason to require Mrs. Kuvin to leave the home and children solely to gain support when Mr. Kuvin is well able to support Mrs. Kuvin and their children while the children are minors. Should Mrs. Kuvin decide to return to the labor market, the court may adjust the alimony upon application. See also Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1981); Bowen v. Bowen, 347 So.2d 675 (Fla. 3d DCA 1977); Hawkesworth v. Hawkesworth, 345 So.2d 359 (Fla. 3d DCA 1977), cert. denied, 355 So.2d 514 (Fla. 1978).
*902 We disagree with the husband's contention that the legislature intended to apply a single standard permitting only rehabilitative alimony for all spouses. Section 61.05, Florida Statutes (1979) states, in part: "The court may consider any other factor necessary to do equity and justice between the parties." See Bender v. Bender, 363 So.2d 844 (Fla. 1st DCA 1978). It is obvious that the legislature has never enacted laws requiring mothers of young children to work outside the home, either during marriage or upon its dissolution, when a husband is able to support his family. Mr. Kuvin approved his wife's decision to fulfill her obligations at home during the marriage, and he is able to continue to provide for his family. We therefore see no reason to order Mrs. Kuvin to seek outside employment. Accordingly, we reverse the award of rehabilitative alimony and direct the court to award permanent alimony.
We hold, in addition, that the trial court should have awarded Mrs. Kuvin exclusive possession of the marital home until the children have attained their majority. Zeller v. Zeller, 396 So.2d 1177 (Fla. 4th DCA 1981); McMaster v. McMaster, 379 So.2d 189 (Fla. 4th DCA 1978); Reisman v. Reisman, 314 So.2d 783 (Fla. 3d DCA 1975). At that time, and upon sale of the home, the husband should be reimbursed for his contribution to the mortgage and repairs. Price v. Price, 389 So.2d 666 (Fla. 3d DCA 1980); Rutkin v. Rutkin, 345 So.2d 400 (Fla. 3d DCA 1977). If, however, it becomes necessary to sell the house while the children are still minors, the child support award should be increased to provide adequate funds to enable the wife to find a comparable residence for herself and the children.
For these reasons, we remand the cause for reevaluation of the alimony award in light of our determination that the wife receive permanent alimony and sole possession of the marital residence during the children's minority.
Reversed and remanded with directions.