413 So.2d 431 (1982)
Nancy Mary LOCKE, Appellant,
v.
Andrew Jackson LOCKE, Jr., Appellee.
No. 81-1187.
District Court of Appeal of Florida, Third District.
May 4, 1982.
Thomas G. Sander, Miami, for appellant.
Robert W. Shaughnessy, Perrine, for appellee.
Before BARKDULL, BASKIN and JORGENSON, JJ.
JORGENSON, Judge.
Nancy Mary Locke appeals from a final judgment dissolving her marriage to Andrew Jackson Locke. The final judgment directed the sale of the marital home, with the proceeds to be evenly divided between the parties and attorney's fees to be paid from those proceeds. We agree that the trial court abused its discretion and, accordingly, reverse. The facts are as follows.
The parties were married in June, 1953. Four children were born of this marriage, all of whom have reached their majority. The principal asset of the marriage is the marital home, having an estimated value of between $65,000 and $80,000. The residence is encumbered by a mortgage in amount of $14,000. Mrs. Locke is sixty-two years old and, from the unrebutted testimony, is a controlled diabetic, suffering also from hypertension and peripheral vascular disease. Mrs. Locke receives a retirement of $51.00 per month and Social Security of $179.00 per month. Mrs. Locke worked intermittently throughout the marriage, contributing her salary to the family. She is presently unemployed and, according to the medical testimony, not able to work at this time. It is undisputed that she will need continuing medical care.
Mr. Locke, on the other hand, is fully employed, enjoys a military pension, has no medical expenses by virtue of his military retirement, and nets $1,264.00 per month. As a result of the dissolution, Mrs. Locke will lose the privileges she enjoyed as a military dependent, including medical benefits.
In determining the propriety of a lump sum alimony award, one must always return to the seminal case of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Unlike Canakaris, there is no substantial accumulation of wealth in this case. However, we are guided by Canakaris principles when determining whether or not lump sum alimony is appropriate in any given case. Canakaris, supra; Colucci v. Colucci, 392 So.2d 577 *432 (Fla. 3d DCA 1980). In a marriage of twenty-eight years, such as this one, coupled with the parties' disparate financial positions, we conclude that Mrs. Locke was entitled to lump sum alimony in the form of the husband's interest in the marital domicile. Canakaris, supra; Hartley v. Hartley, 399 So.2d 1126 (Fla. 4th DCA 1981); Colucci, supra; Cowan v. Cowan, 389 So.2d 1187 (Fla. 5th DCA 1980).
We turn next to the issue of attorney's fees. The reasonableness of the amount of the fee is not an issue in this appeal. It is undisputed on this record that the husband has a superior financial ability and that the wife has almost no ability to generate funds to pay her attorney's fees. Accordingly, we reverse that portion of the trial court's order which, in essence, directed each party to bear its own costs and, instead, instruct the trial court to follow Canakaris and award attorney's fees to the wife. Canakaris, supra at 1205; Dominik v. Dominik, 390 So.2d 81 (Fla. 3d DCA 1980); Cuevas v. Cuevas, 381 So.2d 731 (Fla. 3d DCA 1980). It necessarily follows that the charging lien on the marital property is not enforceable as against the wife. Conroy v. Conroy, 392 So.2d 934 (Fla. 2d DCA 1981); Barranco, Darlson, Daniel & Bluestein v. Winner, 386 So.2d 1277 (Fla. 3d DCA 1980).
As to the other point raised on appeal, we find no error and affirm. We reverse the trial court's denial of lump sum alimony and remand with directions to award the wife the husband's equity in the marital home, award attorney's fees to the wife, and discharge the charging lien of the husband's attorney.
Affirmed in part, reversed in part, and remanded with directions.