421 So.2d 585 (1982)
Helene CUTLER, Appellant,
v.
Edward CUTLER, Appellee.
Edward CUTLER, Appellant,
v.
Helene CUTLER, Appellee.
Nos. 81-150, 81-217.
District Court of Appeal of Florida, Third District.
October 12, 1982.
Rehearing Denied December 3, 1982.
Simon, Schindler & Hurst and Judith A. Bass, Miami, for Helene Cutler.
Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for Edward Cutler.
Before BASKIN, DANIEL S. PEARSON and JORGENSON, JJ.
*586 JORGENSON, Judge.
Helene Cutler appeals from a final judgment following a dissolution proceeding which terminated the marriage of sixteen years. For the reasons which follow, we reverse in part, affirm in part and remand.
The parties were married in 1964. Three children were born of the marriage and, at the time of final judgment, were twelve, thirteen and fourteen years of age. The two eldest children have learning disabilities which require special schooling.[1]
With the exception of an eighteen-month period during the marriage when she worked, Mrs. Cutler has no significant employment history, nor does she have any advanced educational background which would assist her in finding her way into the job marketplace. When the youngest child reaches majority, Mrs. Cutler will be fifty-three years old.
Dr. Cutler, a board-certified cardiologist and internist, has an annual salary of approximately $58,000.00 and is sole stockholder of his P.A. During the course of the marriage, many of the domestic expenses were paid directly by the P.A. Dr. Cutler, at the time of dissolution, had a conservative net worth of $242,775.00. Mrs. Cutler had a net worth of approximately $125,550.00. The net worth computations included each of the parties' interest in the marital home, valued by them at $250,000.00, which was subject to a $39,000.00 mortgage.
The trial court granted custody of the children to Mrs. Cutler and ordered child support for each of them. Neither party appeals that portion of the trial court's judgment.
Mrs. Cutler claims the trial court erred in ordering that the marital domicile be sold and the proceeds therefrom be divided between the parties.[2] We agree in the absence of compelling circumstances not present here an award of exclusive possession of the marital home should be made to the wife when she is given custody of the minor children. Duncan v. Duncan, 379 So.2d 949 (Fla. 1980); Zeller v. Zeller, 396 So.2d 1177 (Fla. 4th DCA 1981); Smith v. Smith, 378 So.2d 11 (Fla. 3d DCA 1979). We believe the trial court abused its discretion by not making such an award.
With respect to alimony, the trial court originally ordered Dr. Cutler to pay a lump sum of $84,000.00, payable at the rate of $700.00 per month over a period of ten years. The court further ordered $500.00 per month rehabilitative alimony for a period of two years. At a subsequent hearing, the trial court receded from its lump sum alimony award and indicated that, instead, the award be regarded as periodic and contingent upon the death of either spouse, the remarriage of Mrs. Cutler, or a change in the economic status of either spouse. A similar hybrid alimony award case was specifically disapproved of in Kirchman v. Kirchman, 389 So.2d 327 (Fla. 5th DCA 1980). We, likewise, disapprove such a hybrid award.
We agree with the appellant that both lump sum and permanent alimony are required in this case. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Kuvin v. Kuvin, 412 So.2d 900 (Fla. 3d DCA 1982); Rosen v. Rosen, 386 So.2d 1268 (Fla. 3d DCA 1980).[3] Permanent rather than rehabilitative alimony is indicated on these facts. Kuvin, supra; Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1980); Bowen v. Bowen, 347 So.2d 675 (Fla. 3d DCA 1977).
*587 Mrs. Cutler also claims as error the trial court's failure to include reasonable dental expenses, in addition to the medical expenses which had been ordered by the trial court, on behalf of the children. Mrs. Cutler's final point concerns the method by which the trial court dealt with the special educational expenses of the two eldest children. We need not address these issues in light of our direction to the trial court to award both permanent and lump sum alimony. On remand, we direct the trial court to re-address these issues.
On cross-appeal, Dr. Cutler alleges as error the trial court's order to pay, on Mrs. Cutler's behalf, any federal income tax for which she might become liable as a result of the alimony award. In view of our remand, we do not address this issue. But see Sumner v. Tart, 362 So.2d 344 (Fla. 1st DCA 1978); Tsavaris v. Tsavaris, 307 So.2d 845 (Fla. 2d DCA 1975); Lang v. Lang, 252 So.2d 809 (Fla. 4th DCA 1971).
Dr. Cutler also complains that the trial court erred in assessing an accountant's fee as part of the wife's costs. We find no merit to this contention and affirm.
Affirmed in part, reversed in part and remanded for further proceedings consistent with the views expressed herein.
NOTES
[1] The eldest child has organic brain damage which requires special schooling and treatment. The middle child has psychological problems which, also, result in his need for special schooling and treatment.
[2] A date of July 1, 1981, was specified by the trial court for the sale. That order was stayed by this court pending the outcome of this appeal.
[3] On remand, the trial court may wish, when considering the lump sum award, to be guided by the principles announced in Seum v. Seum, 384 So.2d 223 (Fla. 3d DCA 1980); Cuevas v. Cuevas, 381 So.2d 731 (Fla. 3d DCA 1980); Bullard v. Bullard, 385 So.2d 1120 (Fla. 2d DCA 1980); MacDonald v. MacDonald, 382 So.2d 50 (Fla. 2d DCA 1980).