436 So.2d 966 (1983)
Richard Kenneth FORSTER, Appellant,
v.
Norma Coreen FORSTER, Appellee.
No. 82-1804.
District Court of Appeal of Florida, Third District.
July 26, 1983.
Rehearing Denied September 21, 1983.
Ferrell & Ferrell, and Milton Ferrell, Miami, for appellant.
Marks, Aronovitz & Leinoff, and Andrew M. Leinoff, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
BASKIN, Judge.
The subject of this appeal is the propriety of the trial court's disposition of property rights in the final judgment of dissolution terminating a long-term marriage.
Dr. and Mrs. Forster were married for 22 years. They have three children from the marriage, only one of whom is still a minor. In the first few years of their marriage, Mrs. Forster worked as a dental hygienist to support Dr. Forster through the early part of his medical training. During the last 18 years, however, Mrs. Forster has not worked outside of the home, instead devoting her full-time energies to serving as a homemaker and mother. Dr. Forster has supported the family as a successful ophthalmologist, earning a yearly income of more than $150,000 plus fringe benefits exceeding $50,000. The financial prosperity attained by Dr. Forster permitted the parties to enjoy a high standard of living during the course of the marriage, including, among other things, the acquisition of two homes, titled in both names  one in Dade County and one in Monroe County.
The final judgment of dissolution awarded the wife rehabilitative alimony of $2500 a month for 18 months, reduced to $2000 a month for the next 24 months, and permanent periodic alimony at $1000 a month until she remarries or either party dies, whichever occurs first. The court further awarded $6000 a year as child support for *967 the parties' 16-year old daughter, the only minor child, plus medical, dental and hospital expenses. As to the parties' respective property rights in the Dade and Monroe homes, the court rejected both the wife's lump sum alimony claim and the husband's contention that he was the sole owner. Finding that both properties constituted estates by the entireties, the court awarded exclusive use of the Miami home to Mrs. Forster and exclusive use of the Monroe County home to Dr. Forster until the minor child reaches the age of 18 years. At that time, partition would be authorized upon appropriate proceedings if the parties did not agree on a selling price. The court ordered proceeds of the sale of the homes to be divided with the husband to receive credit for half the mortgage, taxes, insurance and repair expenditures he made for both homes during the two year period.
The husband appeals (1) the award to the wife of rehabilitative alimony and exclusive possession of the Dade County marital home; (2) the requirement that he pay the mortgage, repairs, taxes and insurance on the parties' two Florida homes until the properties are sold. The wife cross-appeals the trial court's alimony awards and its denial of attorneys' fees.
The most pertinent issue presented here is whether the wife has been "short-changed" by the financial provisions of the final judgment dissolving the marriage. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1980); Bullard v. Bullard, 385 So.2d 1120 (Fla. 2d DCA 1980). Finding that the wife was "short-changed" and that, therefore, the trial court's order constituted an abuse of discretion, we reverse.
In determining alimony awards courts are required to consider such factors as the parties' standard of living during the marriage, the duration of the marriage and the financial resources of each spouse. Section 61.08, Fla. Stat. (1981). See Canakaris; Cooley v. Cooley, 409 So.2d 533 (Fla. 4th DCA 1982). Based upon these criteria, we reject as without merit the husband's contention that the award of rehabilitative alimony should be reduced because the court required him to pay the mortgage, repairs, taxes and insurance payments on both the Dade and Monroe homes until the time of sale. First, the record clearly reflects that the wife's funds are inadequate to meet the obligations on the homes. Second, the circumstances indicate that a reduction in rehabilitative alimony would be inappropriate and that an increase is called for instead. Cutler v. Cutler, 421 So.2d 585 (Fla. 3d DCA 1982). Dr. Forster is a successful ophthalmologist who enjoys a yearly income of $150,000, plus fringe benefits. Mrs. Forster, on the other hand, has no significant employment history. After she obtains her degree in education, she will be venturing into the crowded job marketplace with untested skills as a middle-aged woman competing with younger individuals. Although the court found her to be a very intelligent woman and observed that "the uncontradicted evidence showed that she made the highest grades possible at the University of Miami where she will soon receive her undergraduate degree in Education thereby equipping her and qualifying her to teach," it is unlikely that her undergraduate degree, received at this stage of her life, will enable her to maintain the lifestyle to which she became accustomed as the wife of a successful doctor. Furthermore, Mrs. Forster asserts that the parties contemplated that her assistance in putting Dr. Forster through the early years of his medical training would result in his supporting her and that she would not be forced to work outside the home. She contends that her husband's affair with a younger woman interrupted his performance of their agreement and that she should not be forced to suffer the consequences when she fulfilled her obligations.
We find, therefore, based upon these facts, that the court abused its discretion in awarding rehabilitative alimony and denying the wife lump sum alimony, Canakaris; Cutler; Colucci. The parties' assets must be distributed on an equitable basis without endangering the husband's economic status but permitting the wife to find her way in *968 the world without becoming destitute, Cutler; Cuevas v. Cuevas, 381 So.2d 731 (Fla. 3d DCA 1980). Considering the parties' 22-year marriage and their disparate financial positions, we conclude that Mrs. Forster is entitled to lump sum alimony in the form of Dr. Forster's interest in the Dade County marital domicile, Canakaris; Locke v. Locke, 413 So.2d 431 (Fla. 3d DCA 1982); Hartley v. Hartley, 399 So.2d 1126 (Fla. 4th DCA 1981); Colucci; Cowan v. Cowan, 389 So.2d 1187 (Fla. 5th DCA 1980), and an increased award of permanent periodic alimony rather than rehabilitative alimony. See Cutler; Colucci; Bowen v. Bowen, 347 So.2d 675 (Fla. 3d DCA 1977). We therefore reverse the trial court's rulings and award the wife the Devonwood home and its contents as lump sum alimony, as well as $3700 a month permanent periodic alimony. The wife is ordered to pay the mortgage and related payments for the Devonwood home.
We remand the cause for consideration by the trial court of attorneys' fees under the pending motions upon which the court has not yet ruled.
Reversed and remanded.