ON MOTION FOR REHEARING GRANTED
PER CURIAM.
We withdraw our opinion filed March 1, 1983, and substitute the following in its place.
The final judgment of dissolution is affirmed except for the lump sum alimony award which we reverse and remand with directions to award the wife the husband’s interest in the marital home as lump sum alimony. See Locke v. Locke, 413 So.2d 431 (Fla. 3d DCA 1982); Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1980); Cowan v. Cowan, 389 So.2d 1187 (Fla. 5th DCA 1980), review denied mem., 397 So.2d 777 (Fla.1981); Cuevas v. Cuevas, 381 So.2d 731 (Fla. 3d DCA 1980).
Reversed and remanded with directions.[1]

. In response to the dissent, we do not think that reasonable persons could disagree that under the circumstances of this case the trial court abused its discretion.
That Mrs. Besley was “shortchanged” is reflected by the record: the trial court’s award to Mrs. Besley of permanent annual alimony of $20,000 measured against Mr. Besley’s annual income of between $45,000 and $65,000, and Mr. Besley’s retention of at least 75% of the marital assets. Mrs. Besley, a wife of 33 years, now 53 years of age and suffering from hypertension, a kidney ailment, severe gout, arthritis and ulcers, has limited prospects in the job market.
Given a 33-year marriage and the husband’s capacity to earn income coupled with the wife’s acknowledged incapacity, the principles set forth in the cases cited require an award to the wife of substantial compensation for her 33 years of domestic endeavor. See Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974), cert. dismissed mem., 307 So.2d 186 (Fla.1975).