438 So.2d 535 (1983)
Stephen M. GREER, Appellant,
v.
Sondra G. GREER, Appellee.
No. 82-2708.
District Court of Appeal of Florida, Second District.
September 30, 1983.
David B. McEwen, Tampa, for appellant.
*536 Charles F. Clark and Ted R. Manry, III, of MacFarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
LEHAN, Judge.
The husband in this dissolution of marriage action appeals the award of permanent alimony and the property settlement. The wife cross-appeals the denial of attorney's fees to her and certain restrictions placed on her possession of the marital residence. We reverse and remand.
The final order of dissolution requires the husband to make permanent periodic payments of alimony to the wife of $1,000 per month. The husband contends that this award was an abuse of the trial court's discretion because he alleges that the wife will receive between $12,000 to $15,000 per year for the next ten years as her share of the proceeds from the sale of her family's farm. The wife contends that, although she may have been a record title holder to the farm along with her mother, she will in fact receive no income from the sale of the property because her mother is entitled to and will receive all of the payments.
The evidence shows that the husband's annual before-tax income is approximately $55,000. The husband claimed monthly expenses for himself of $2,478, and the wife claimed expenses for herself (after deducting the monthly child support she will receive) of $1,460. After payment of alimony and child support, the husband is left with an income of $33,400. The wife has an income of $12,000 per year in alimony. Under the principles of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), we cannot say that the trial court abused its discretion in awarding that alimony to the wife. Even if the wife is credited with the disputed farm income, the alimony to the wife in our view, in light of the income to be received by each spouse and the husband's tax deductions for alimony payments, would not exceed the outer limits of permissible trial court discretion under Canakaris.
The marriage was of eighteen years duration. The children of the marriage were at the time of the dissolution aged 9 and 7 years. The wife was employed during the early years of the marriage as a secretary but has not worked since shortly before the birth of the first child except for her current employment, begun after the couple's separation, in a commission insurance sales position from which no earned income is shown to have been received. The wife testified that this type of employment permits her to have flexible working hours so as to be with the children. A vocational counselor testified that the wife could earn between $10,000 and $15,000 per year as a secretary. There is no finding by the trial court as to the wife's potential earnings, but if the trial court, under all the circumstances, failed to include the wife's earning capacity at the present time in his evaluation of the wife's needs and abilities, we would not find that to have been an abuse of discretion. See Kuvin v. Kuvin, 412 So.2d 900 (Fla. 3d DCA 1982). Of course, the husband may petition for a modification upon a showing of changed circumstances.
Shortly before the divorce, the husband invested in a closely-held corporation called Cardenco, Inc. by purchasing one-third of the corporation's stock. His initial investment was $60,000, of which $25,000 was marital savings and $35,000 was money borrowed by the husband. The trial court determined that the value of Cardenco, Inc. was $925,000 and that the wife was entitled to a special equity interest of one-half of the husband's share of the corporation. After deducting the $35,000 debt from the husband's one-third ownership, the trial court determined that the wife's one-half interest equaled $136,500. The trial court also gave the wife a special equity of one half of the husband's interest in a corporation called Magic Needles, Inc. Evidence at trial indicated that Magic Needles, Inc. had no value.
The husband disputes both the valuation of Cardenco, Inc. and the award to the wife of one-half of his interest in both corporations. Evidence of the value of Cardenco, Inc., which included the opinion testimony *537 of several expert witnesses, ranged from approximately $416,000 to $2,443,000. We cannot say that the trial court had no substantial competent evidence upon which to base its $925,000 valuation.
We disagree, however, with the trial court's finding that the wife was entitled to a special equity of one half of the husband's interest in the corporations. We also disagree with the husband's argument that the wife's special equity should be a lesser amount to be based upon her contribution to the purchase of the stock, to wit, one half of the $25,000 marital funds used to purchase the shares of Cardenco, Inc. To be entitled to a special equity, the wife must have made an extraordinary contribution beyond the usual contribution of a spouse to a marriage and "from a source clearly unconnected with the marital relationship." Ball v. Ball, 335 So.2d 5, 7 (Fla. 1976). There is no showing here of such a contribution; the facts show that marital funds were used for the purchase.
As pointed out in Canakaris, the concept of special equity is properly used only to describe "a vested interest in property brought into the marriage or acquired during the marriage because of contribution of services or funds over and above normal marital duties." Canakaris at 1200. That special equity is entirely distinct from lump sum alimony awarded to achieve an equitable distribution of the parties' assets acquired during the marriage. Lump sum alimony, as opposed to a special equity, is properly awarded if the evidence shows both a justification for the lump sum payment and financial ability of the spouse to make the payment without substantially endangering his or her economic status. Canakaris at 1201.
In a dissolution action, awards of different types of alimony, which may include property as lump sum alimony, are interrelated in the trial court's attempt to provide an overall equitable distribution. Eliminating, as we have done, the $136,500 stock interest awarded to the wife which, as we have found, was not shown to have been correctly called a "special equity" obviously impacts upon the trial court's distribution plan which is to be designed to do equity between the parties. Under our holding that the wife is not shown to be entitled to a special equity, her assets after the dissolution would be substantially reduced. Therefore, we remand for reconsideration by the trial court of the final judgment and for any modification the trial court may deem necessary in its sound discretion to do equity.
Under our holding we need not address the issue raised by the husband and not directly addressed in Landay v. Landay, 400 So.2d 43 (Fla. 2d DCA 1981), as to the method of calculation of a special equity claimed by one spouse (in this case the wife) in property which is solely titled to the other spouse (in this case the husband).
We find no error in the trial court's denial of an award of attorney's fees to the wife, considering each party's financial status under the trial court's order of dissolution. However, because we have remanded the case for reconsideration and possible modification by the trial court, we also remand the issue of the wife's attorney's fees to allow the trial court to consider in that regard the entire plan of distribution.
The final judgment, which gave the wife exclusive possession of the marital home, contained a provision that no person other than blood relatives of the wife could reside in the marital home during the period of the wife's possession. On remand, this restriction should be removed. Tyler v. Tyler, 427 So.2d 1027 (Fla. 2d DCA 1983).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED FOR PROCEEDINGS CONSISTENT HEREWITH.
HOBSON, A.C.J., and SCHOONOVER, J., concur.