UPCHURCH, Judge.
Isabel Rion appeals the supplemental final judgment rendered by the trial court pursuant to the mandate issued by this court. In Rion v. Rion, 421 So.2d 541 (Fla. 5th DCA 1982), this court determined that the trial court had abused its discretion by awarding Mrs. Rion $800 per month permanent alimony in light of the criteria set out in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). After reciting the somewhat lavish lifestyle the parties had enjoyed during their ten year marriage, this court stated:
We believe that in light of the disparity between the parties’ income and assets, and considering the standard of living established during the marriage, the trial judge abused his discretion in making the award that he did. See Cowan v. Cowan, 389 So.2d 1187 (Fla. 5th DCA 1980). This matter must be remanded to the trial court for reconsideration of the permanent alimony award in light of the factors enunciated above.
⅛ * ⅜ # ⅜ #
In summary, we reverse the judgment as to the amount of permanent alimony and remand for reconsideration of the award.
421 So.2d at 543, 544.
On remand, a hearing was held December 8, 1983, but no ruling was entered. On August 27, 1984, the wife filed a petition for writ of mandamus asking this court to order the trial court to render a final judgment. This court entered an order directed to the trial judge to show cause why the petition should not be granted. The trial court responded by rendering the supplemental final judgment now appealed. In the supplemental final judgment, the trial court failed to follow our instructions to reconsider the alimony award after considering the factors discussed in the opinion. Therefore, we remand to the trial court for entry of judgment increasing the permanent alimony award to Mrs. Rion to $1,500 per month effective December 8, 1983, less any amounts paid to date on account of alimony. In addition, Mrs. Rion is awarded the sum of $2,500 for the services of her attorneys in this appeal.
REVERSED and REMANDED.
COBB, C.J., and GOSHORN, G.S., Associate Judge, concur.