SCHWARTZ, A., Senior Judge,
dissenting.
I do not believe the alleged inability of the mother to bear the financial burden of maintaining the place in which, not only her children but, unusually enough, she herself grew up, constitutes a cognizable “special circumstance” or as is said in Pino v. Pino, 418 So.2d 311, 312 (Fla. 3d DCA 1982), a “good reason” to deprive the family of that home. Not only is the Court’s professed concern about this issue almost entirely speculative, it involves, even if accurate, no more than the rough equivalent of the burdens which will be imposed by a substitute residence, and should certainly not rebound to the financial benefit of the father. Id. at 311. See Cabrera v. Cabrera, 484 So.2d 1338, 1340 (Fla. 3d DCA 1986) (“[the] additional physical and psychological dislocation [from the family home] should not be imposed upon [the children] unless there is a very good reason indeed for doing so” (quoting Pino, 418 So.2d at 312)); see also Martin v. Martin, 959 So.2d 803, 805 (Fla. 1st DCA 2007) (“As a general rule, a trial court may award the primary residential parent exclusive use and possession of the marital residence until the youngest child reaches majority or the primary residential parent remarries, unless there are special circumstances.”); MaHinez v. MaHinez, 573 So.2d 37, 43 (Fla. 1st DCA 1990) (“We note that as a general rule, absent special circumstances, the primary residential parent should be awarded exclusive use and possession of the marital home until the youngest child reaches majority.”); Zeller v. Zeller, 396 So.2d 1177, 1179 (Fla. 4th DCA 1981) (“Although the failure to award exclusive possession of the marital home unto the custodial parent until all of the children attain majority or become emancipated would not always constitute error, such awards are so frequently ordered that they have become a generally accepted principle of the law of divorce.”); but cf. Pineiro v. Pineiro, 683 So.2d 148 (Fla. 3d DCA 1996); Kohn v. Kohn, 423 So.2d 575 (Fla. 1st DCA 1982).