683 So.2d 148 (1996)
Maria Isabel PINEIRO, Appellant,
v.
Fernando L. PINEIRO, Appellee.
No. 95-3641.
District Court of Appeal of Florida, Third District.
September 25, 1996.
Rehearing Denied December 11, 1996.
Ira Pozen, Miami, Stephen H. Butter, for appellant.
Bette Ellen Quiat, Miami, for appellee.
Before NESBITT, FLETCHER and SHEVIN, JJ.
SHEVIN, Judge.
Maria Isabel Pineiro, the former wife, appeals a final judgment of dissolution of marriage and amendment thereto. We affirm the judgment as modified and remand with instructions.
The former wife petitioned for dissolution of her marriage to Fernando L. Pineiro ["former husband"]. The former wife requested primary residential custody of the parties' two minor daughters and exclusive use and possession of the marital home until the younger daughter turns 18. The former husband agreed that the former wife should be awarded residential custody. However, he requested sale and partition of the marital home to pay marital debts.
The record demonstrates that each spouse earns approximately $2,400 monthly. The former husband pays $120 monthly for health insurance for the minor children, and the former wife pays $130 monthly for the younger daughter's child care. The parties have *149 depleted their savings to meet living and other expenses during the pendency of these proceedings. The joint debt, including the outstanding mortgage on the marital home, amounts to approximately $152,000. The expenses of maintaining the marital home amount to approximately $1,774 a month; payments on the marital debt amount to $792 monthly.
The trial court awarded the former wife primary residential custody of the children, and awarded both parents shared parental responsibility. The former husband was also ordered to pay monthly child support of approximately $740.
Unfortunately, the parties' income is inadequate to meet their joint debts as well as the expenses of maintaining the marital home. In view of the parties' financial situation, the court found that the parties could not afford to keep the marital home. Therefore, the court reluctantly ordered that the marital home be sold and that the proceeds be used to pay the marital debts. The court awarded each party an income tax deduction for one child, with each party enjoying the deduction in alternate years when the older daughter reaches the age of majority.
The former wife argues on appeal that the trial court erred in granting the former husband's partition request, asserting that she should have been awarded possession of the marital home as an incident of child support. While such an award is not uncommon, Cabrera v. Cabrera, 484 So.2d 1338 (Fla. 3d DCA 1986); Pino v. Pino, 418 So.2d 311 (Fla. 3d DCA 1982), we hold that the trial court did not abuse its discretion in declining to do so in this case, in view of the parties' finances. Kohn v. Kohn, 423 So.2d 575 (Fla. 1st DCA 1982).
Additionally, we find no error in the court's award of an income tax deduction for one daughter to each party, to be alternated yearly after the oldest daughter reaches majority. However, we remand with directions that the final judgment be corrected to provide that the former wife must execute the appropriate release under 26 U.S.C.A. § 152(e)(2)(West Supp.1996), contingent upon the former husband being current in his support payments. Ford v. Ford, 592 So.2d 698 (Fla. 3d DCA 1991).
Affirmed as modified and remanded with instructions.