GERSTEN, J.
 

 Irvin J. Lightcap (“the former husband”) appeals the portion of the final judgment of dissolution that awards Betty Jean Lightcap (“the former wife”) nominal alimony of $1.00 per year. We affirm.
 

 In this case, the parties were married for over thirty years. For most of the marriage, the husband was highly skilled and well paid. Concomitantly, the former wife worked in clerical positions, until the end of the marriage when she secured a well paying job. Subsequently, the former husband retired and contended that he is unable to work.
 

 The trial court, however, found that the former husband was highly skilled and employable, but he voluntarily chose not to work despite his ability to do so. The trial court found that the former husband was capable of earning from $40,000 per year to $200,000 per year. The trial court entered final judgment and awarded the former wife nominal alimony of $1.00 per year.
 

 On appeal, the former husband contends that the trial court abused its discretion in awarding the former wife nominal alimony of $1.00 per year. He argues that the former wife has a much higher post-dissolution income and should not be entitled to any type of alimony. He further contends that he is unable to work due to medical reasons.
 

 
 *260
 
 The former wife asserts that the former husband has no medical reason prohibiting him from employment. She also maintains that she has a right to nominal alimony in light of the long-term marriage. She asserts that this would give her the right to seek increased alimony should the former husband’s future income change and her financial condition deteriorate. We agree with the former wife.
 

 Because this is a long-term marriage, permanent alimony is normally appropriate.
 
 See Schlagel v. Schlagel,
 
 973 So.2d 672 (Fla. 2d DCA 2008) (stating that in the context of a long-term marriage, there is an initial presumption in favor of permanent, periodic alimony). Permanent alimony can be in the form of a nominal amount. 973 So.2d at 676.
 

 A trial court’s decision on whether to award permanent, periodic alimony is subject to an abuse of discretion standard of review. 973 So.2d at 676. A trial court may consider the historic incomes of the parties, the length
 
 of the
 
 marriage, the marital assets, and the former wife’s needs when awarding a nominal amount of permanent alimony.
 
 See Blanchard v. Blanchard,
 
 793 So.2d 989, 992 (Fla. 2d DCA 2001).
 

 Here, the trial court did not abuse its discretion when it granted the former wife nominal alimony. Over the course of this thirty-year marriage, the former husband earned more than the former wife. Although the former wife currently earns more than the former husband, the former husband has the ability to find employment. Nominal alimony would permit her to apply for modification upon a proper showing if and when the former husband achieves his full earning potential in the future.
 
 See Wing v. Wing,
 
 429 So.2d 782, 783 (Fla. 3d DCA 1983).
 

 Accordingly, we find that the trial court did not abuse its discretion in awarding the former wife nominal alimony.
 

 Affirmed.