WALLACE, Judge.
 

 Jenny Martinez (the Wife) appeals the final judgment that dissolved her marriage to Enrique D. Abinader (the Husband). She raises five arguments on appeal: (1) that the trial court erred in awarding primary custody of the parties’ minor child to the Husband; (2) that the trial court erred in denying the Wife permanent periodic alimony and in failing to include all of the Husband’s income when determining his ability to pay child support and alimony; (8) that the trial court erred in treating the Husband’s past mortgage payments in the amount of $20,000 as transitional alimony; (4) that the trial court erred in failing to award the Wife retroactive child support; and (5) that the trial court erred in failing to award any attorney’s fees to the Wife. There is no cross-appeal. The Wife’s arguments have merit, and we affirm the final judgment in part, reverse in part, and remand for further proceedings.
 

 During the parties’ three-and-one-half-year separation that preceded the entry of the final judgment, the parties’ teenage son resided with the Wife in the former marital home while the Husband lived in a nearby apartment. Although the parties agreed to share parental responsibility for their son, they contested the issue of which of them should be designated as the primary residential parent.
 

 In the final judgment, the trial court named the Husband as the primary residential parent. We agree with the Wife that the trial court misapplied the law in reaching its decision on this issue. The trial court applied an incorrect standard by equating the child’s “environment,” as referenced in section 61.13(3)(d), Florida Statutes (2007), with the physical structure where the child lived, first with both parties and later — during the parties’ lengthy separation — with the Wife. Taking the stability of the child’s residence in the dwelling itself as its polestar, the trial court erroneously eliminated the Wife from consideration as the primary residential parent because she could not afford to retain the marital home on her income. Instead, the trial court designated the Husband as the primary residential parent, equitably distributed the marital home to him, and ordered the Husband to refinance the marital home and to pay the Wife her one-half share of the net equity in the property.
 
 [1]
 
 Because the trial court
 
 *946
 
 used an incorrect standard in reaching its decision to designate the Husband as the primary residential parent, we reverse this provision of the final judgment and remand for reconsideration of this issue in accordance with the factors outlined in section 61.13.
 

 Our decision to reverse the trial court’s designation of the Husband as the primary residential parent compels the reversal of the provisions in the final judgment requiring the Wife to pay the Husband $423 per month in child support and permitting the Husband to claim the child as his dependent for tax purposes. On remand, the trial court must reconsider the parties’ child support obligations, which will obviously be affected by its ultimate custody determination. We also note that in its original determination of child support, the trial court relied upon a child support guidelines worksheet submitted by the Husband. Although the Husband’s gross monthly income as reflected on that worksheet includes overtime earnings to which he stipulated, it does not include income that he historically earned in secondary employment, and the final judgment did not make any factual findings with respect to that income.
 

 Further, the trial court did not make any findings with respect to the Wife’s request for retroactive child support from the Husband.
 
 [2]
 
 While an award of retroactive child support is a matter for the trial court’s discretion, a trial court typically abuses that discretion when it fails to award retroactive support from the date-of the filing of the petition and there is a need for support and an ability to pay.
 
 Leventhal v. Leventhal,
 
 885 So.2d 919, 920 (Fla. 3d DCA 2004). In determining the Husband’s child support obligations on remand, the trial court must take into consideration his actual overtime pay and any actual income earned from part-time employment at secondary jobs, as well as any child support payments that he actually made.
 
 See
 
 § 61.30(2)(a), (17);
 
 Mitchell v. Mitchell,
 
 841 So.2d 564, 569 (Fla. 2d DCA 2003);
 
 Shrove v. Shrove,
 
 724 So.2d 679, 682 (Fla. 4th DCA 1999);
 
 Butler v. Brewster,
 
 629 So.2d 1092, 1092-93 (Fla. 4th DCA 1994).
 

 The trial court also denied the Wife’s request for permanent periodic alimony. Although the trial court found that the Husband’s income was double that of the Wife’s income, it also found that he did not have the ability to make periodic alimony payments. Instead, the trial court awarded the Wife lump sum alimony in the amount of $10,000, which the Husband was to pay from proceeds obtained by refinancing the marital home. The trial court also re-characterized as transitional alimony the Husband’s $20,000 in contributions to the mortgages on the marital home during
 
 *947
 
 the dissolution proceedings. Thus the total lump sum alimony award to the Wife was $80,000.
 

 As with child support, it appears that the trial court failed to consider all sources of the Husband’s income when it found that the Husband did not have the ability to pay the Wife permanent periodic alimony. Although the final judgment states that the court was considering the Husband’s actual overtime pay, the gross monthly income figure cited in the final judgment from the Husband’s financial affidavit, $4264, does not appear to be from his most recent affidavit and does not include the Husband’s stipulated overtime, which he testified brought his monthly income to $4747. In addition, the trial court did not make any factual findings with respect to the income the Husband historically earned in secondary employment. Further, the evidence reflects that the Husband is. making monthly payments of $200 on an investment property that he purchased after the parties’ separation.
 
 [3]
 
 The trial court did not address this investment expense or the value of the property as an asset that could provide a means for making support payments. Similarly, it did not address the Husband’s voluntary contributions to an AARP 401 (k) plan in the amount of $116.53 per week. In addressing alimony on remand, the trial court must consider all sources of income available to the Husband, including actual overtime pay and actual income from part-time employment at secondary jobs.
 
 See
 
 § 61.08(2)(g);
 
 Geoghegan v. Geoghegan,
 
 969 So.2d 482, 484-85 (Fla. 5th DCA 2007). In addition, it must consider the Husband’s voluntary contributions to his investment property and 401 (k) plan in making its “ability-to-pay alimony calculation.”
 
 Geoghegan,
 
 969 So.2d at 486;
 
 see also
 
 § 61.08(2)(d).
 

 The Wife argues that the trial court erred in treating the Husband’s mortgage payments in the amount of $20,000 as transitional alimony. Under the temporary agreement, the parties shared equally in making the mortgage payments on the marital home during the lengthy dissolution proceedings, thereby contributing equally to reducing the debt on the home. But by treating the Husband’s mortgage payments as transitional alimony and awarding each party a one-half interest in the equity in the home, the trial court effectively made the Wife solely responsible for the two mortgages on the property during the dissolution proceedings without crediting her for her greater role in reducing the debt on the property. On remand, the trial court must also reconsider this issue.
 

 Finally, the trial court must reconsider whether to award the Wife all or a portion of her attorney’s fees. As with alimony and child support, in determining that the Husband did not have the ability to pay the Wife’s attorney’s fees, the trial court failed to consider all of the Husband’s assets and sources of income.
 
 See
 
 § 61.16(1).
 

 In all other respects, we affirm the final judgment, including the provisions dissolving the parties’ marriage, approving the equitable distribution of the marital assets and liabilities to which the parties agreed, and concerning the parties’ non-marital debt. We note that the final hearing in this case was held more than two years ago; so it is possible that the par
 
 *948
 
 ties’ financial circumstances have changed materially since the entry of the final judgment. On remand, the trial court may conduct such additional hearings and take such additional evidence as may be necessary to comply with our mandate.
 

 It is with considerable reluctance that we remand for further proceedings in this case. The Husband filed the petition for dissolution of marriage in September 2004. So the litigation has been pending for more than five and one-half years. The parties’ teenage son will soon reach the age of majority. We note that the parties attempted to settle this matter during the pendency of this appeal. Further proceedings in the trial court will cause the parties to incur additional expenses for attorney’s fees and costs that they cannot really afford. In recognition of these realities, we remind the parties that they — with the assistance of their able and experienced counsel — should be able to reach a resolution of their differences that will better serve their interests and circumstances than one imposed on them by a third party.
 

 Affirmed in part, reversed in part, and remanded for further proceedings.
 

 ALTENBERND and KHOUZAM, JJ., Concur.
 

 [1]
 

 . In addition to her one-half share of the' equity, the trial court ordered the Husband to
 
 *946
 
 pay the Wife $10,000 from the proceeds of the refinance as lump sum alimony. We were informed at oral argument that the Husband did, in fact, refinance the marital home and paid the Wife $18,000 out of the proceeds. The Wife continues to live in the marital home with the parties’ son. The trial court should take these circumstances into consideration on remand.
 

 [2]
 

 . The Husband argues that the Wife did not preserve this issue and only made an oral request for retroactive alimony at trial. The record reflects that the Wife’s counsel was questioning her about the Husband’s contributions to child support after moving out of the marital home when he asked, "Are you asking the Court to award you retroactive alimony between October 30th and [the temporary] agreement,” and the Wife responded, "Yes.” The Wife’s counter-petition requested child support and she raised the issue of retroactive child support in her motion for reconsideration and rehearing. Accordingly, the issue of retroactive child support was before the trial court and was preserved for appellate review.
 

 [3]
 

 . The Husband testified that he owes $17,900 on this property and makes monthly payments of $200. He did not specifically identify this monthly expense on his most recent financial affidavit. But we are unable to determine whether the amount the Husband reported on his financial affidavit for monthly mortgage or rent payments includes the monthly payment for his investment property.