EVANDER, J.
Tracie Coristine (wife) appeals from a final judgment of dissolution of marriage. The primary issue on appeal is whether the trial court abused its discretion by ordering the sale and partition of the marital home rather than awarding exclusive use and possession of the home to the wife until the youngest of the parties’ three children reaches the age of majority. We affirm.
As a general rule, a trial court should award the primaiy residential parent exclusive use and possession of the marital residence until the youngest child reaches majority or is emancipated, or the primary residential parent remarries, unless there are special circumstances. See Martin v. Martin, 959 So.2d 803, 805 (Fla. *1205 1st DCA 2007); Schumaker v. Schumaker, 931 So.2d 271, 276 (Fla. 5th DCA 2006); Dehler v. Dehler, 648 So.2d 819, 820 (Fla. 4th DCA 1995). “Special circumstances” exist where the parties’ incomes are inadequate to meet their debts, obligations, and normal living expenses, as well as the expenses of maintaining the marital residence. Pineiro v. Pineiro, 683 So.2d 148, 149 (Fla. 3d DCA 1996). In the instant case, the trial court succinctly addressed this issue in the final judgment:
The Mother wants to keep the Home as a place to raise the children. The evidence shows the Home is a wonderful place for the Children to grow up but the parties do not have the financial capability to pay the mortgage, taxes and other ownership costs. When asked how she will manage if the Home is awarded to her the Mother said she would figure it out, do what she needs to do, borrow from her brother or sell an acre. Her answer does not convince the court that she is ready or able to keep the Home if she is given exclusive possession and made financially responsible for it.
The trial court’s decision is supported by competent, substantial evidence.
The parties were married in March 1994. The petition was filed in August 2004, and the trial concluded in August 2008. At the time of the trial, the husband was fifty years old and the wife was forty-five years old. They had three children, the youngest being eight and one-half years old. During the course of the marriage, the parties had financially benefited from a substantial severance package received by the husband from a prior employment and an inheritance received by the wife. However, by the time of the trial, their financial fortunes had changed dramatically. The parties had virtually no liquid assets and the wife claimed debts of approximately $100,000. The marital home, which had been the wife’s childhood home, had been purchased in 2003 from the wife’s father for $500,000. By the time of trial, the parties had paid $200,000 toward the purchase price. A balloon payment for the remaining $300,000 was due in December 2013. Subsequent to the purchase, the parties also spent approximately $300,000 in renovating and remodeling the residence. The trial court found the fair market value of the property to be almost $2,000,000. The property taxes on the property are approximately $17,500 per year.
During the parties’ four year separation immediately preceding the trial, the wife and children resided in the marital residence. The trial court found that during this period of time, the wife had done little to become self-sufficient. (She was netting $600 per month boarding horses on the property.) The trial court imputed minimum wage income to the wife. The husband was residing and working in New York City, earning $175,000 per year. The trial court equitably divided the parties’ marital assets, designated the wife as the primary residential parent, ordered the husband to pay child support of $2,487.55 per month and further ordered the husband to pay the wife’s reasonable attorney’s fees.
The husband had paid the wife $4,000 to $4,700 per month for temporary support during this four year separation period. Notwithstanding the receipt of these monies, the wife had borrowed money from family members to pay the property taxes for 2005, 2006, and 2007. Given that the wife would be receiving far less support from the husband than she did during the separation, and given that borrowed money was needed to pay the property taxes for the prior three years, it is understandable why the trial court concluded that the *1206 parties did not have the financial capability to pay the mortgage, taxes, and other costs related to ownership of the marital residence.
We find the other issues raised on appeal to be without merit.
AFFIRMED.
JACOBUS, J., concurs.
SCHWARTZ, A., Senior Judge, dissents with opinion.