NORTHCUTT, Judge.
 

 Sherrill Kennedy appeals from the final judgment dissolving her marriage to Kelly Kennedy. She challenges a portion of the property distribution, as well as the denial of her request for alimony. The property distribution was governed by a prenuptial agreement, and we see no error in the trial court’s interpretation and application of the agreement. But we reverse and remand on the question of alimony.
 

 The evidence at trial was largely undisputed. The parties were married in March 1993. The dissolution petition was filed in September 2006, but it was followed by an attempted reconciliation possibly lasting through March 2008. At the time of trial, Mr. Kennedy was fifty-three years old, Mrs. Kennedy was forty-nine, and their health was generally good. Mr. Kennedy is an accountant and an attorney with his own practice, while Mrs. Kennedy has worked throughout the marriage as a staff assistant for an insurance company. The parties have one child together and several children from previous marriages. For most of the marriage, they lived in a five-bedroom lakefront house with a dock, boat lift, pool, and hot tub. They enjoyed a country club membership, yearly vacations and trips, and extracurricular activities for the children.
 

 This comfortable standard of living was made possible by the parties’ earnings. In the past, Mr. Kennedy had earned as much as $500,000 in gross annual income. The court found that his current annual income was $173,042. Although this figure was supported by the evidence and testimony, the record reveals that it represented Mr. Kennedy’s
 
 net
 
 income, not gross as found by the court. As to Mrs. Kennedy, the court found that her annual income was $85,000, and this figure corresponded with the evidence of her
 
 gross
 
 income.
 

 Mrs. Kennedy has worked at an insurance company for twenty-three years. She testified that she had reached a salary cap in her position. Unless she agreed to relocate, she was not eligible for promotion. She had always been unwilling to relocate, however, due to the location of her husband’s practice. Without a promotion, she testified, she was not eligible for bonuses. Mrs. Kennedy had attempted to support her husband’s practice by referring clients to him. She also scheduled him to speak as an expert at seminars she organized, and he gained additional clients from those appearances. In addi
 
 *468
 
 tion to working outside the home, Mrs. Kennedy was the primary caregiver for the children.
 

 The final judgment ordered the sale of the parties’ marital residence, which was the only jointly owned asset. The evidence also revealed that Mr. Kennedy owned his office building and that each party had several investment or retirement accounts. By virtue of the prenuptial agreement, the trial court was relieved of the duty to distribute any assets other than the marital residence. Instead, in its final judgment the court made note of various assets and liabilities held separately by each party, but it made no findings as to the value of those assets or liabilities.
 

 On the question of alimony, the findings in the final judgment were scant when compared to the factors the court was obliged to consider under section 61.08(2), Florida Statutes (2008). The statute provides as follows:
 

 In determining a proper award of alimony or maintenance, the court shall consider all relevant economic factors, including but not limited to:
 

 (a) The standard of living established during the marriage.
 

 (b) The duration of the marriage.
 

 (c) The age and the physical and emotional condition of each party.
 

 (d) The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each.
 

 (e) When applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.
 

 (f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party.
 

 (g)All sources of income available to either party. The court may consider any other factor necessary to do equity and justice between the parties.
 

 The statute requires the court to make findings of fact relative to these factors, § 61.08(1), and its failure to make necessary findings is reversible error.
 
 Milo v. Milo,
 
 718 So.2d 343, 344 (Fla. 2d DCA 1998).
 

 In this case, the final judgment was silent on most of the statutory factors. The judgment noted that “[t]his is a gray area marriage where the wife worked throughout the marriage earning ample funds with which to support herself and will receive an equitable distribution and distribution of separate assets ... in excess of $300,000.” But the judgment failed to note the value of Mr. Kennedy’s equitable distribution and separate assets. It was completely silent on the marital standard of living. The judgment classified the marriage as within the gray area without determining its precise length, which was anywhere from thirteen to fifteen years. Nothing was said of the parties’ age or health, little was said about the relative value of each party’s postdissolution share of assets and liabilities, and no mention was made of Mrs. Kennedy’s contributions to the marriage and to her husband’s career.
 

 This judgment typifies an unfortunate tendency among many courts and practitioners to treat the “gray area marriage” classification as a justification in itself for denying alimony — as if the classification excuses full consideration of the factors set forth in the alimony statute. To the contrary, the classification simply means that in a gray area marriage the court’s discretion is not to be influenced by a presumption for or against the award of permanent alimony.
 
 Walker v. Walker,
 
 
 *469
 
 818 So.2d 711, 713 (Fla. 2d DCA 2002). As such, a court’s discretion whether to award alimony is at its broadest when applied to a gray area marriage. And it is for that very reason that the court’s consideration of the statutory factors and its findings in regard to them are most important.
 
 [1]
 

 As our supreme court observed long ago:
 

 The trial court’s discretionary power is subject only to the test of reasonableness, but that test requires a determination of whether there is logic and justification for the result. The trial courts’ discretionary power was never intended to be exercised in accordance with whim or caprice of the judge nor in an inconsistent manner. Judges dealing with cases essentially alike should reach the same result. Different results reached from substantially the same facts comport with neither logic nor reasonableness.
 

 Canakaris v. Canakaris,
 
 382 So.2d 1197, 1203 (Fla.1980). In section 61.08 the legislature has prescribed a framework for making discretionary decisions on alimony issues in any given case. Certainly, the court in its discretion may assign varying weights to the statutory factors that are present in a particular case, but weigh them it must. The court is not free simply to disregard factors as it pleases. To do so would violate the statutory directive that the court “shall” consider the enumerated factors, and it would contravene the supreme court’s directive that discretionary decisions must not be made according to the whim or caprice of the individual judge.
 

 In this case, evidence on a number of statutory alimony factors militated in favor of granting permanent alimony to Mrs. Kennedy. The final judgment ignored those factors and failed to make findings on them. Those omissions violated the requirements of section 61.08, and they have hampered our ability to review the case in search of logic or justification for denying Mrs. Kennedy’s request for alimony. That decision was based on an incomplete consideration of the statutory factors applicable to the case, and therefore it was unreasonable and an abuse of discretion. Accordingly, we reverse the final judgment insofar as it denied Mrs. Kennedy’s claim for alimony, and we remand for the trial court to reevaluate that claim.
 

 Affirmed in part, reversed in part, and remanded.
 

 WHATLEY and KELLY, JJ„ Concur.
 

 [1]
 

 . This observation is consistent with recent amendments to the alimony statute. Section 61.08 now provides that permanent alimony may be awarded following a marriage of long duration, that it may be awarded following a marriage of short duration under “exceptional circumstances,” and that it may be awarded following a marriage of moderate duration “if such an award is appropriate upon consideration of the factors set forth in [section 61.08(2)].” § 61.08(8), Fla. Stat. (2010).