MORRIS, Judge.
Maszeline D. Melton, the wife, appeals the portion of the final judgment of dissolution of marriage between herself and the husband, James K. Melton, that awarded her permanent periodic alimony. Because the trial court failed to include the husband’s voluntary contributions to a charity bond, savings bonds, and retirement account in the husband’s net income figures and because the amount awarded would leave the wife substantially unable to meet her basic needs, we reverse and remand the permanent periodic alimony award. We do not address the wife’s remaining arguments, and we affirm all other portions of the final judgment without comment.
When determining whether an award of permanent periodic alimony is appropriate, a trial court must balance the needs of one spouse with the ability of the other spouse to provide the necessary *156 funds. See Cleary v. Cleary, 872 So.2d 299, 304 (Fla. 2d DCA 2004) (citing Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980)). In ordering such an award, a trial court must be careful that neither spouse passes from prosperity to misfortune or from misfortune to prosperity. See id. Determinations of a paying spouse’s ability to pay must be based on “all relevant economic factors” including “[a]ll sources of income,” see § 61.08(2)(g), Fla. Stat. (2009), as well as “ ‘net worth, past earnings, and the value of the parties’ capital assets,’ ” Vega v. Vega, 877 So.2d 882, 883 (Fla. 3d DCA 2004) (quoting Canakaris, 382 So.2d at 1202). Additionally, trial courts must factor in the paying spouse’s voluntary contributions to investments, savings, and retirement plans in making the “ability-to-pay alimony calculation.” Geoghegan v. Geoghegan, 969 So.2d 482, 486 (Fla. 5th DCA 2007); see also Martinez v. Abinader, 37 So.3d 944, 947 (Fla. 2d DCA 2010) (reversing in part because trial court failed to address husband’s voluntary contributions to AARP 401(k) plan or the fact that husband was making payments on investment property that he purchased after parties’ separation). Trial courts may also consider “any other factor necessary to do equity and justice between the parties.” § 61.08(2). A “court’s determination of a party’s net income must be supported by competent, substantial evidence.” McCants v. McCants, 984 So.2d 678, 682 (Fla. 2d DCA 2008).
Here, there was conflicting financial information for the husband in the record. While the husband’s financial affidavit reflected that his net monthly income was just over $5300, his pay stubs reflected a much smaller figure of $2289. The husband testified that the lower monthly net income figure was due to a change in the amount he was contributing towards a charity bond as well as a change in his tax status which resulted in larger deductions for taxes and his thrift savings plan.
On cross-examination, the husband agreed with the wife’s counsel’s assertion that the deductions on his pay stubs reflected “voluntary deductions for the bonds and [tjhrift [sjavings and retirement and those things that you choose to invest your money in.” The husband also admitted that his net income “would be substantially more” if he did not make the voluntary contributions.
Although the categories for various voluntary contributions are not entirely clear in the record, it appears that the husband is contributing $44.75 biweekly for savings bonds, $100 biweekly for the charity bond, and $349.79 biweekly for the thrift savings plan. These contributions amount to $989.08 monthly.
In rendering the alimony award, the trial court cited the husband’s pay stubs as the basis for its determination that the husband made approximately $2671 monthly from his job with the United States Postal Service.[1] The trial court also determined that the husband received an additional $807 per month in military retirement benefits. The trial court failed to mention any of the husband’s voluntary contributions. The trial court determined that the husband’s monthly expenses amounted to $2152, a figure which the wife does not dispute. Thus, based on the trial court’s figures, the husband had a surplus of $1326 monthly.[2]
*157 However, if the trial court had properly accounted for the husband’s voluntary contributions of $989.08, the husband’s monthly income, including his military retirement, would amount to approximately $4467.08. After deducting the husband’s expenses of $2152, he would be left with a monthly surplus of $2315.08. Consequently, because the trial court failed to account for the husband’s voluntary contributions, the determination of the husband’s net monthly income was not supported by competent, substantial evidence. See Martinez, 37 So.3d at 947.
Furthermore, the trial court’s alimony award in this case left the wife substantially unable to meet her basic needs. See McCants, 984 So.2d at 683 (noting that because trial court would be required to reconsider alimony award on remand, it should also consider wife’s need because “[cjonsidering the circumstances ... a permanent alimony award of only $400 per month would leave the [w]ife substantially unable to meet her basic needs”). The wife was awarded $750 a month in permanent periodic alimony. That figure added to her imputed gross monthly income of $1500 and to the approximate $360 a month she received as her portion of the husband’s military retirement resulted in a total of $2610 monthly. But the wife’s financial affidavit reflected that her monthly expenses are nearly $3600, which the husband has not disputed. Thus, the alimony award leaves the wife with nearly a $1000 monthly deficit.
Under these circumstances, the trial court abused its discretion in setting the amount of permanent periodic alimony. We reverse and remand in part for the trial court to reconsider the award with directions to the trial court to factor in the husband’s voluntary contributions and to consider whether the award would leave the wife substantially unable to meet her basic needs.
Affirmed in part, reversed in part, and remanded with directions.
ALTENBERND and VILLANTI, JJ„ Concur.

. The court determined that the husband received two additional paychecks per year which the court divided over a twelve-month period, resulting in $382 per month in addition to the net monthly income figure of $2289.

. We note that the written order reflects a surplus of $1329.