SLEET, Judge.
Emmanuel Turcotte (the Former Husband) challenges a final judgment dissolving his thirteen-year marriage to Michelle Turcotte (the Former Wife). The Former Husband argues that the trial court erred by (1) granting the Former Wife sole parental responsibility of the parties’ two minor children; (2) making an unequal distribution of the parties’ assets and liabilities; and (3) ordering the Former Husband to pay the Former Wife nominal alimony. We affirm on the first two issues without further comment.[1] But, because the trial court failed to include findings of fact in its final judgment supporting its award of nominal alimony to the Former Wife, we reverse the portion of the final judgment awarding the Former Wife nominal alimony and remand for the trial court to provide factual findings as required under section 61.08, Florida Statutes (2008).
The parties in this case were married for thirteen years. The Former Husband and Former Wife once owned a tile business that was quite successful. The Former Husband conducted service visits and the Former Wife managed the retail shop. Shortly after the parties’ relationship began to deteriorate, so did the parties’ business. The Former Wife now works as a sales manager for a tile retailer, and the Former Husband obtained his general contractor’s license.
In awarding the Former Wife nominal alimony the trial court found that although the Former Husband was currently earning less than the Former Wife, the Former Husband’s work history and general contractor’s license evidenced that the Former Husband had the potential to earn significant income. Thus, the trial court awarded the Former Wife nominal alimony of $10 per month. On appeal, the Former Husband argues that the trial court abused its discretion in awarding the Former Wife nominal alimony because it failed to make sufficient factual findings as required under section 61.08.
Generally, a party is entitled to alimony when that party has an actual need for alimony and the other party has the ability to pay. Lin v. Lin, 37 So.3d 941, 942 (Fla. 2d DCA 2010). An award of nominal alimony is appropriate where the *957 recipient spouse would be entitled to alimony but for the paying spouse’s current inability to pay, which is reasonably expected to change in the future. See Lightcap v. Lightcap, 14 So.3d 259, 260 (Fla. 3d DCA 2009) (affirming an award of nominal alimony where the former wife was earning more than the former husband, but the former husband earned more than the former wife over the course of their marriage and had the potential for increased earnings in the future); see also Schmidt v. Schmidt, 997 So.2d 451, 454 (Fla. 2d DCA 2008) (“[W]hen one party is entitled to permanent periodic alimony but the other spouse has no current ability to pay, the trial court should award a nominal sum of permanent periodic alimony, which will give the court jurisdiction to reconsider the award should the parties’ financial circumstances change.”). In determining whether a party is entitled to nominal alimony, the trial court must find that one party has a need for alimony and must weigh the factors enumérated under section 61.08(2), which include:
(a) The standard of living established during the marriage.
(b) The duration of the marriage.
(c) The age and the physical and emotional condition of each party.
(d) The financial resources of each party, the nonmarital and the marital assets and liabilities distributed to each.
(e) When applicable, the time necessary for either party to acquire sufficient education or training to enable such party to find appropriate employment.
(f) The contribution of each party to the marriage, including, but not limited to, services rendered in homemaking, child care, education, and career building of the other party.
(g) All sources of income available to either party.
The court may consider any other factor necessary to do equity and justice between the parties.
Further, the trial court’s final judgment awarding or denying alimony must contain findings of fact relative to the factors enumerated in section 61.08(2). See § 61.08(1). “The requirement that the final judgment contain specific findings of fact is to facilitate meaningful appellate review of the trial court’s award ... of alimony.” Williams v. Williams, 923 So.2d 606, 607 (Fla. 2d DCA 2006). Failure to include the requisite findings of fact amounts to reversible error. See Kennedy v. Kennedy, 60 So.3d 466, 468 (Fla. 2d DCA 2011); Esaw v. Esaw, 965 So.2d 1261, 1264 (Fla. 2d DCA 2007).
In this case, the parties’ thirteen-year marriage falls within the “gray area” between short-term and long-term marriages and is not entitled to the presumption for permanent, periodic alimony. See Mobley v. Mobley, 18 So.3d 724, 727 (Fla. 2d DCA 2009) (finding that a ten-year marriage is in the gray area where there is no presumption for or against alimony); Walker v. Walker, 818 So.2d 711, 713 (Fla. 2d DCA 2002) (concluding that a twelve-year marriage falls within the gray area). When a marriage falls within the “gray area,” factual findings are essential to facilitate appellate review. See Kennedy, 60 So.3d at 469; Mobley, 18 So.3d at 728.
Here, the trial court’s final judgment merely states that “[s]uch an [alimony] award is appropriate upon consideration of the factors set forth in [s]ubsection (2) of [section] 61.08.” Otherwise, the final judgment entirely omits findings of fact related to the Former Wife’s need for support; the standard of living established during the marriage; the age and physical and emotional condition of each party; the Former Wife’s financial resources; the contribution of each party to the marriage; *958 and the sources of income available to either party.
Although several of the factors can be established through the record, the record does not adequately establish the factors relating to the Former Wife’s need for alimony. Specifically, the record does not adequately establish the parties’ standard of living during the marriage,[2] the contribution of each party to the marriage, or the sources of income available to the Former Wife. In fact, the record indicates that the Former Wife is performing well at her new job and that her company has recently seen an increase in business. Furthermore, the record does not provide adequate information regarding the Former Wife’s current living expenses and whether her current income is capable of meeting those expenses.
Because it is difficult to discern the facts supporting the Former Wife’s need for alimony, the trial court’s omission of factual findings in its final judgment confounds meaningful appellate review. Accordingly, we reverse the final judgment as it relates to the award of nominal alimony and remand for reconsideration and factual findings as required under section 61.08.
Affirmed in part; reversed in part; remanded with directions.
NORTHCUTT and VILLANTI, JJ„ Concur.

. Briefly, in regard to the Former Husband’s second argument, we would encourage both parties to take heed of the following language contained in the trial court's final order under the subsection titled "Debts and Liabilities”: "Each party shall use their respective best efforts to resolve and compromise any indebtedness in connection with their award of the real properties.” (Emphasis added).

. We note that the record indirectly indicates that the parties’ standard of living during the marriage was substantial, at least at one point in time, but because the trial court did not make a conclusion regarding the standard of living, appellate review has been inhibited. See Ondrejack v. Ondrejack, 839 So.2d 867, 871 (Fla. 4th DCA 2003).