NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


SCOTT SHIMER,                               )
                                            )
        Appellant/Cross-Appellee,           )
                                            )
v.                                          )        Case No. 2D15-3485
                                            )
ELIZABETH COREY,                            )
                                            )
        Appellee/Cross-Appellant.           )
_____)

Opinion filed November 22, 2017.

Appeal from the Circuit Court for
Hillsborough County; Richard A. Nielsen,
Judge.

Mark S. Howard of Mark S. Howard, P.A.,
Tampa; and Laura H. Howard of The
Solomon Law Group, P.A., Tampa, for
Appellant/Cross-Appellee.

Allison M. Perry of Florida Appeals &
Mediations, P.A., Tampa, for Appellee/
Cross-Appellant.


LaROSE, Chief Judge.

        Scott Shimer, the former husband, appeals an amended final judgment of

dissolution of marriage. Elizabeth Corey, the former wife, cross-appeals. We have

jurisdiction. See Fla. R. App. P. 9.030(b)(1)(A).

We affirm on all issues that Mr. Shimer asserts. We affirm on all but one issue advanced by Ms. Corey. We reverse on Ms. Corey's third issue. Ms. Corey argues, and Mr. Shimer concedes, that the trial court erred in requiring Ms. Corey to maintain a life insurance policy to secure her alimony obligation to Mr. Shimer.

Section 61.08(3), Florida Statutes (2015), authorizes the trial court to "order any party who is ordered to pay alimony to purchase or maintain a life insurance policy" to the extent necessary to protect an award of alimony. "[I]n determining whether to secure support awards, the trial court should consider the need for such insurance, the cost and availability of such insurance, and the financial impact upon the obligor." Plichta v. Plichta, 899 So. 2d 1283, 1287 (Fla. 2d DCA 2005). "In the absence of special circumstances, a spouse cannot be required to maintain life insurance for the purposes of securing alimony obligations." Pinion v. Pinion, 818 So. 2d 557, 557 (Fla. 2d DCA 2002).

The trial court failed to make any required findings to support its order that Ms. Corey maintain a life insurance policy to secure her alimony obligation. See Sikora v. Sikora, 173 So. 3d 1028, 1034 (Fla. 2d DCA 2015) ("[B]ecause the trial court failed to include the required findings, we reverse the life insurance requirement and remand for further proceedings."). Moreover, our independent review of the record does not support the imposition of this obligation. See Solomon v. Solomon, 861 So. 2d 1218, 1221 (Fla. 2d DCA 2003) ("The trial court made no findings that would demonstrate that there was a need to secure the former wife's alimony, nor does the record demonstrate that such a need exists in this case."); Ruberg v. Ruberg, 858 So. 2d 1147, 1156 (Fla. 2d DCA 2003) (directing the trial court to strike the portion of the final judgment of dissolution obligating husband to maintain a life insurance policy where "the instant

- 2 -

record contains nothing to establish that the $1,000,000 life insurance policy was 'necessary to protect [the alimony award]' ").  Therefore, we reverse and remand for the trial court to strike this provision.

Affirmed, in part, reversed, in part, and remanded with directions.

KHOUZAM and BADALAMENTI, JJ., Concur.