NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STACEY WALKER,  )
                )
      Appellant/Cross-Appellee,  )
                )
v.              )    Case No. 2D17-4575
                )
KRISTI WALKER,  )
                )
      Appellee/Cross-Appellant.  )
_____ )

Opinion filed May 31, 2019.

Appeal from the Circuit Court for Collier
County; Joseph G. Foster, Judge.

Toni A. Butler of Alderuccia & Butler,
LLC, Naples, for Appellant/Cross-Appellee.

Lisa P. Kirby of Law Office of Lisa P.
Kirby, P.A., Naples, for Appellee/Cross-
Appellant.

KELLY, Judge.

      Stacey Walker, the former husband, appeals and the former wife, Kristi

Walker, cross-appeals from the final judgment dissolving their twenty-six-year marriage.

The former husband challenges certain financial aspects of the judgment, as well as the

timesharing plan. The former wife contests the equitable distribution award as it relates

to the marital residence. She also contends that the trial court erred by not requiring the

former husband to secure his alimony and child support obligations with a life insurance policy, not extending child support until the youngest child graduates high school, and not awarding her ultimate decision-making authority over the children's education. We affirm the final judgment in part, reverse in part, and remand for further proceedings.

*Alimony*

The former husband argues that the final judgment contains no findings to support the $2500 alimony award and that combined with child support, the amount exhausts his income. "The trial court's award of alimony is subject to an abuse of discretion standard of review, and where the record does not contain substantial, competent evidence to support the trial court's findings regarding the amount of alimony awarded, the appellate court will reverse the award." Farley v. Farley, 858 So. 2d 1170, 1172 (Fla. 2d DCA 2003) (citation omitted); see also Crick v. Crick, 78 So. 3d 696, 698 (Fla. 2d DCA 2012). "[A] party is entitled to alimony when that party has an actual need for alimony and the other party has the ability to pay." Turcotte v. Turcotte, 122 So. 3d 954, 956 (Fla. 2d DCA 2013).

Here, the record supports the trial court's general finding of the former wife's need and the former husband's ability to pay alimony. See id. However, we cannot discern from this record whether the parties' incomes and expenses are properly calculated or whether the award based on those calculations are correct; specifically, the amount the former husband is able to earn working overtime. See Martinez v. Abinader, 37 So. 3d 944, 947 (Fla. 2d DCA 2010) (stating that the trial court should consider all sources of a party's income in determining the ability to pay alimony). Therefore, we reverse the alimony award and remand for the trial court to provide

specific factual findings to support the award as required by section 61.08(2), Florida Statutes (2016), and, if necessary, revisit the amount of the award in light of the findings.

*Child Support*

The former husband argues that the child support award was incorrectly calculated because the $2500 alimony award was not deducted from his gross income as required by section 61.30(4). Based upon our review of the child support guidelines worksheet, which is attached and incorporated into the final judgment, it appears that the former husband is incorrect and that the amount was properly deducted. However, the former husband's argument that the trial court erred in using the gross-up method to determine child support is well taken. The former wife concedes this was error but correctly contends reversal is not required because the amount awarded does not exceed five percent of what the child support award would have been without using the gross-up method. See § 61.30(1)(a) (providing that any deviation beyond five percent of the child support guideline amount requires a written finding); Fla. Dep't of Revenue ex rel. Bloemendal v. Hodge, 754 So. 2d 845, 846 (Fla. 2d DCA 2000) (stating that specific findings are not required for a five percent deviation from the child support guidelines). In light of our directive to the trial court to revisit the alimony issue, on remand, the trial court shall determine whether the child support award needs to be recalculated.

*Timesharing*

The former husband contends that the trial court applied an incorrect standard when it awarded the former wife the majority of timesharing. We agree. In limiting the former husband's timesharing, the court stated:

> Based on the testimony and evidence presented at the trial, the Husband does not have adequate physical space to have the children for extended periods of parenting time. As such, the Court finds that it is currently in the children's best interest to have the majority of parenting time with the Wife. Should the Father's living situation change in the future, the Father may pursue a Supplemental Petition to Modify the Parenting Plan at that time.

The trial court made no other findings, and it did not indicate that it considered the timesharing factors set forth in section 61.13.

In Martinez, this court held that the trial court erred "by equating the child's 'environment,' as referenced in section 61.13(3)(d) . . . with the physical structure where the child lived." 37 So. 3d at 945. As in Martinez, the trial court used an incorrect standard in deciding timesharing. Thus, we reverse this provision of the final judgment for reconsideration in accordance with the factors outlined in section 61.13. See id. at 946.

*Extracurricular Activities*

The former husband alleges that the trial court erred in including in the judgment a provision allowing either parent to enroll the children in extracurricular activities without the consent of the other and then obligating the parties to pay for the activities equally. As the former wife concedes error, we reverse this provision. See Gross v. Zimmerman, 197 So. 3d 1248, 1254 (Fla. 4th DCA 2016) (finding an abuse of discretion where trial court ordered the father to pay for extracurricular activities without input or information regarding cost); Gordon v. Gordon, 63 So. 3d 824, 827-28 (Fla. 5th DCA 2011) (same).

- 4 -

*Child Support Arrearage*

The former husband alleges error in the trial court's determination that he has a child support arrearage in the amount of $8109.40. The former wife concedes that the trial court erred in not making specific findings regarding how it arrived at this figure. Therefore, we reverse the amount of child support arrearage. On remand, the trial court shall make specific findings regarding the amount of the arrearage, if any, based upon the evidence presented. See T.J.D. v. A.G., 39 So. 3d 360, 363-64 (Fla. 2d DCA 2010) (stating that the trial court's finding regarding the amount of child support arrearage must be supported by substantial, competent evidence).

*Transportation*

The former husband argues that the trial court erred in ordering him to provide all transportation for timesharing. "[T]he expenses of visitation are part of the parties' childrearing expenses that must be addressed as part of the parties' child support obligations." Perez v. Fay, 160 So. 3d 459, 466 (Fla. 2d DCA 2015); see also Hindle v. Fuith, 33 So. 3d 782, 786-87 (Fla. 5th DCA 2010) ("Child support guidelines provide that transportation expenses, like other childrearing costs, should be shared by the parents in accordance with their financial means."). On remand, the trial court shall reconsider this issue and if warranted, amend the final judgment accordingly.

*Taxes*

The former husband argues that the trial court should have classified a portion of his temporary support as alimony and provided that it be deductible on his tax return. He also contends that the trial court did not indicate whether the permanent alimony award would be deductible or nondeductible as required by section 61.08(2)(h),

which provides that the court shall consider "[t]he tax treatment and consequences to both parties of any alimony award, including the designation of all or a portion of the payment as a nontaxable, nondeductible payment." See Tarkow v. Tarkow, 128 So. 3d 82, 85 (Fla. 2d DCA 2013) (reversing alimony award and remanding for recalculation where the trial court failed to consider the tax consequences of the award). The record reflects that the former husband raised this issue but the trial court did not address it. This was error. On remand, the trial court is directed to address this issue and amend its final judgment accordingly.

*Mortgage Interest Deduction*

The former husband contends that he is entitled to an interest deduction because he paid the mortgage on the marital residence from February 2016 through October 2017. The former wife concedes that the trial court should have addressed the mortgage interest deduction; however, she does not agree the deduction should have been awarded to the former husband. On remand, the trial court shall address this issue and make the requisite specific findings.

*Equitable Distribution*

Finally, the former husband contends that the trial court should have addressed his request for an unequal distribution because the former wife disposed of the majority of his personal belongings. Based on the testimony at trial regarding this issue, we cannot say the trial court abused its discretion in ruling as it did.

*Sale of Marital Residence*

The former wife argues that the trial court erred in failing to consider the best interests of the minor children when it ordered that the marital residence be sold. We disagree. "As a general rule, a trial court should award the primary residential parent exclusive use and possession of the marital residence until the youngest child reaches majority or is emancipated, or the primary residential parent remarries, unless there are special circumstances." Coristine v. Coristine, 53 So. 3d 1204, 1204 (Fla. 5th DCA 2011). " 'Special circumstances' exist where the parties' incomes are inadequate to meet their debts, obligations, and normal living expenses, as well as the expenses of maintaining the marital residence." Id. at 1205. Based on the testimony at trial and the parties' limited assets, we cannot say the trial court abused its discretion in finding that the parties do not have a sufficient, combined income to meet their obligations and still maintain the marital residence. Thus, we affirm the trial court on this issue.

*Life Insurance*

Next, the former wife argues that the trial court abused its discretion in not ordering that the former husband maintain life insurance as security for alimony and child support. Regarding alimony:

> "[I]n determining whether to secure support awards, the trial court should consider the need for such insurance, the cost and availability of such insurance, and the financial impact upon the obligor." Plichta v. Plichta, 899 So.2d 1283, 1287 (Fla. 2d DCA 2005). "In the absence of special circumstances, a spouse cannot be required to maintain life insurance for the purposes of securing alimony obligations." Pinion v. Pinion, 818 So.2d 557, 557 (Fla. 2d DCA 2002).

Shimer v. Corey, 230 So. 3d 624-25 (Fla. 2d DCA 2017) (alteration in original).

As to child support:

> Generally, the trial court has discretion to order the payor of child support to maintain a life insurance policy in order to secure the award. § 61.13(1)(c), Fla. Stat. (2012). However, the court's order must include findings on the cost of the insurance and whether the obligor can afford it, and there must be special circumstances that would necessitate such an order. See Cozier v. Cozier, 819 So. 2d 834, 837 (Fla. 2d DCA 2002).

Velaga v. Gudapati, 148 So. 3d 550, 551 (Fla. 2d DCA 2014).

The record reveals that the former husband not only has a life insurance policy in effect through his employer, but also that he pays for additional life insurance. The former husband testified that although the former wife is currently the beneficiary of the policy, he would like to replace her as beneficiary with a friend. There was no testimony that the former husband cannot afford the insurance or that there is some safeguard to ensure the funds go to his children in the event of his death. These circumstances, especially in light of the long-term duration of the marriage and the former wife's need for support, provide a basis for the court to require the former husband to have insurance for the benefit of the former wife, yet the final judgment is silent on her request. On remand, the trial court shall address the wife's request regarding life insurance and make specific findings in support of its decision to either grant or deny the request.

*Child Support*

The former wife contends that the judgment improperly awarded child support only until the children turn eighteen and that the judgment should be amended to include language that support shall continue for the children if they are still in high

school upon turning eighteen and reasonably expect to graduate before the age of nineteen.  We agree.

Section 743.07(2), Florida Statutes (2016), allows for an award of support for a child who is between the ages of eighteen and nineteen and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of nineteen.  If a child is in their senior year in high school at the time that child turns eighteen, "the trial court should either award child support until the date [the child] graduates or set forth findings of fact explaining why such relief is denied."  Hill v. Hooten, 776 So. 2d 1004, 1008 (Fla. 5th DCA 2001).  The former husband objects and contends that the former wife could petition the court for a modification if this situation arises.  We agree with the former wife that this is a waste of judicial resources.  On remand, the trial court is directed to address this issue in the judgment.  See id.

*Decision-Making Authority*

Finally, the former wife argues that the trial court erred in not awarding her ultimate decision-making authority regarding the children because the former husband refuses to communicate with her.  We disagree.  Shared parental responsibility contemplates that major decisions affecting the welfare of a child are to be made after both parents confer and reach an agreement.  Cranney v. Cranney, 206 So. 3d 162, 164 (Fla. 2d DCA 2016).  By awarding one parent ultimate decision-making authority on issues affecting the children, the trial court essentially nullifies the award of shared parental responsibility.  See id.  It is clear from the testimony at trial that the parties have an acrimonious relationship.  In fact, both parties requested ultimate

decision-making authority.  However, we cannot conclude on this record that the trial court abused its discretion in failing to award the former wife ultimate decision-making authority.

Accordingly, we reverse those portions of the judgment as set forth above and remand for the trial court to revisit these issues and to make specific findings to support its rulings consistent with this opinion.  All other portions of the judgment are affirmed.

Affirmed in part, reversed in part, and remanded with instructions.

CASANUEVA and ATKINSON, JJ., Concur.