PER CURIAM.
We initially accepted jurisdiction to review the decision of the Fifth District Court of Appeal in D.M. v. M.D. , 247 So. 3d 713 (Fla. 5th DCA 2018), based on express and direct conflict. See art. V, § 3(b)(3), Fla. Const. After further consideration, we conclude that jurisdiction was improvidently granted. Accordingly, we hereby discharge jurisdiction and dismiss this review proceeding.
It is so ordered.
*1230 NO MOTION FOR REHEARING WILL BE ALLOWED.
CANADY, C.J., and POLSTON, LUCK, and MUÑIZ, JJ., concur.
LAWSON, J., concurs specially with an opinion, in which LAGOA, J., concurs.
LABARGA, J., dissents with an opinion.
LAWSON, J., concurring specially.
I fully agree with Justice Labarga that the trial court's failure to make written findings in this case rendered meaningful appellate review impossible and was therefore not harmless. However, the Fifth District's error in concluding otherwise under the particular facts of this case does not create express and direct conflict with any decision of this Court or another district court of appeal. To the extent there is such conflict, it is not apparent on the face of the Fifth District's opinion and, therefore, cannot serve as a basis for our jurisdiction. See Reaves v. State , 485 So. 2d 829, 830 (Fla. 1986).
Initially, I voted to accept jurisdiction based upon the petitioner's argument that the Fifth District's application of a harmless error standard conflicted with cases from other district courts of appeal applying a per se rule of reversal whenever written findings required by law were not made, and where the issue was preserved for appellate review. See Callwood v. Callwood , 221 So. 3d 1198, 1201 (Fla. 4th DCA 2017) ; Dep't of Children & Families v. J.S. , 183 So. 3d 1177, 1183 (Fla. 4th DCA 2016) ; Kennedy v. Kennedy , 60 So. 3d 466, 469 (Fla. 2d DCA 2011) ; Farley v. Farley , 800 So. 2d 710, 711-12 (Fla. 2d DCA 2001) ; Shoffner v. Shoffner , 744 So. 2d 1157, 1157-58 (Fla. 1st DCA 1999) ; Staton v. Staton , 710 So. 2d 744, 745 (Fla. 2d DCA 1998). Upon closer examination, however, all of the purported conflict cases are silent as to whether the harmless error test was considered, and none expressly state that a per se reversal rule is being applied. Because I conclude that there is no conflict apparent on the face of the opinion below and a decision of another district court of appeal, or our Court, I agree with the majority that we do not have jurisdiction.
LAGOA, J., concurs.