# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D22-2707
LT Case No. 2021-DR-000093-A

_____

LISA LOWRY,

     Appellant,

     v.

MARK LOWRY,

     Appellee.

_____

On Appeal from the Circuit Court for St. Johns County.
Joan Anthony, Judge.

William S. Graessle, of William S. Graessle, P.A., Jacksonville, for Appellant.

Michael J. Korn, of Korn & Zehmer, P.A., Jacksonville, for Appellee.

March 1, 2024

LAMBERT, J.

     Lisa Lowry ("Former Wife") timely appeals the amended final judgment of dissolution of marriage rendered by the trial court after trial that terminated her marriage to Mark Lowry ("Former Husband"). We find that one of the issues raised by Former Wife— the trial court's failure to award to her exclusive use and

possession of the marital home until the parties' youngest child reaches the age of majority or becomes emancipated—is meritorious and requires reversal. The final judgment is otherwise affirmed without further discussion.

The parties have four children from the marriage, two of whom were minors at the time of trial. Prior to trial, the parties reached an agreement, approved by the trial court, that resolved matters between them pertaining to child support, as well as the shared parental responsibility and time-sharing of the children. They agreed that Former Wife would have the majority of the time-sharing with the children. At the time of trial, Former Wife and the two youngest children were living in the marital home; and, in her counterpetition for dissolution of marriage, Former Wife sought exclusive use and possession of the marital home during the children's minority to minimize the effects of the dissolution of marriage on the children.

Former Husband disagreed and, as set forth in his earlier petition, separately sought the partition and sale of the marital home. His position was that the children would be more amenable to and comfortable during their time-sharing with Former Husband in a house, rather than in Former Husband's post-separation apartment where he was residing.[1]

The trial court appeared to have accepted Former Husband's argument. It granted Former Husband his requested partition and sale, finding that though there would "be substantial cost to the parties to buy [separate] homes to replace the marital home," there was at least $800,000 in equity in the marital home and the proceeds from the sale would provide each party with the ability to purchase new homes.

The general rule that has developed in Florida in these cases on whether the marital home should be partitioned and sold or whether exclusive possession should be awarded to one party during the children's minority is that "a trial court should award the primary residential parent exclusive use and possession of the

---

[1] Neither child testified at the trial.

2

marital residence until the youngest child reaches majority or is emancipated, or the primary residential parent remarries, unless there are special circumstances." *Coristine v. Coristine*, 53 So. 3d 1204, 1204 (Fla. 5th DCA 2011) (citations omitted); *see also Schumaker v. Schumaker*, 931 So. 2d 271, 276 (Fla. 5th DCA 2006) ("Absent compelling financial reasons, the custodial parent should be awarded exclusive use and possession of the marital residence until the children reach majority or become emancipated or the custodial parent remarries." (citing *Dehler v. Dehler*, 648 So. 2d 819, 820 (Fla. 4th DCA 1995))).

The abuse of discretion standard of review is applied to a trial court's decision that orders the partition and sale of the marital home in lieu of awarding to the spouse having the majority of time-sharing the exclusive use and possession of the home until the parties' youngest child reaches the age of majority. *Coristine*, 53 So. 3d at 1204. Thus, we are tasked with resolving whether the trial court here abused its discretion in essentially concluding that "special circumstances" existed to order the sale of the marital home. Our court has explained that, contextually, such "'[s]pecial circumstances' exist where the parties' incomes are inadequate to meet their debts, obligations, and normal living expenses, as well as the expenses of maintaining the marital residence." *Id.* at 1205 (citing *Pineiro v. Pineiro*, 683 So. 2d 148, 149 (Fla. 3d DCA 1996)).

In *Coristine*, we affirmed the trial court's final judgment, concluding that no abuse of discretion occurred in the trial court's ordering the partition and sale of the marital home instead of awarding exclusive use and possession of the home to the wife until the parties' youngest child reached the age of majority. *Id.* at 1204. In doing so, we wrote that the evidence before the trial court showed that the parties' financial conditions had changed dramatically by the time of trial. *Id.* at 1205. Specifically, the parties had virtually no liquid assets, the wife "had done little to become self-sufficient" during the parties' four-year separation, and she had claimed debts of approximately $100,000. *Id.* Additionally, the wife had borrowed money from family members to pay the property taxes on the marital home for several years during the separation. *Id.*

In stark contrast to the facts in *Coristine*, the trial evidence here had no such special circumstances. Former Husband is a successful organizational psychologist who owns a consulting business that provides coaching and team building services for many businesses. Former Husband's net annual income for the year prior to trial was over $300,000, and his financial affidavit filed not long before trial reflected a monthly income of $22,494.92. Former Husband also testified at trial to having approximately $230,000 in his checking account and his brokerage account.[2]

We find that, under these circumstances, the trial court abused its discretion in failing to award Former Wife the exclusive use and possession of the marital home until the parties' youngest minor child reaches the age of majority or becomes emancipated, whichever first occurs. On remand, the trial court is directed to amend the final judgment accordingly.

AFFIRMED, in part; REVERSED, in part; REMANDED, with directions.

SOUD and BOATWRIGHT, JJ., concur.

---

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

---

[2] Former Husband's post-judgment financial condition was additionally buttressed by the trial court's denial of Former Wife's claim for alimony, which we have affirmed here. Moreover, during the course of this appeal, one of the parties' children reached the age of majority, which, under the parties' agreement, resulted in a reduction of Former Husband's court-ordered monthly child support obligation.